Gragg vs. Richardson.

SAMUEL P. GRAGG, plaintiff in error, vs. JONATHAN P. RICH-ARDSON, defendant in error.

A purchaser with warranty, finding a third person in possession of the land, sued him for the land; of that suit, his warrantor had notice; judgment went against the purchaser. Afterwards, he sued the warrantor on the warranty and relied on this judgment to show a breach of the warranty.

*Held,* that the judgment was *prima facie* evidence of such breach.

Action of covenant for breach of warranty, from Twiggs. Tried before Judge LAMAR, March Term, 1858.

On the trial of this case, the plaintiff read in evidence an exemplification of the record of a suit between Jonathan P. Richardson vs Joseph Hill, for lot of land No. 146 in the 7th district of Monroe county, Georgia ; which showed a judgment of the Court in favor of the defendant against the plaintiff for cost.

The plaintiff also read in evidence a warranty deed from Samuel P. Gragg to Amos Lasseter, consideration $500 for lot No. 146, 7th district of Monroe county, Georgia, bearing date 22d November, 1849, recorded 26th January, 1850.

Also a deed from Amos Lasseter to Carlton Wellborn for the same premises, same consideration, with warranty, dated 8th January, 1850; recorded same date with the other.

Also a deed from said Wellborn to the plaintiff in this suit for same premises, dated 17th, January 1850 ; consideration $700, recorded 22d February, 1850.

Also proved he paid the cost in the ejectment suit in Monroe.

Also proved by King's interrogatories, that Gragg was present during a term of the Court in which the action was pending. He King was employed by Richardson in the suit ; filed a bill and sued a possessory warrant and received from Richardson $110, for his services, and ten dollars to have interrogatories taken, which he used for that purpose ; he pros-

ecuted the suit to recover the premises lot No. 146, in 7th district of Monroe.

*Amos W. Hammond* was one of the attorneys of Richardson in said ejectment cause. Gragg was present at one of the trials, and assisted in making out interrogatories for the case ; he Hammond, received from Richardson $75 for his services. The suit was prosecuted vigorously.

*J. J. Pinckard*, testified he was counsel for Hill, and read on the trial a deed from James Ades, Jr., to the lot in dispute to Thomas Harris, and one from Harris to Joseph Hill, and also several interrogatories ; that Richardson read in evidence on that trial, the same deeds he has produced here. There was no collusion between counsel, but it was a full and earnest trial on the merits of the case.

*Brazin*, testified he saw Gragg at a term in which the ejectment cause was pending in Monroe, and Gragg told him he got his deed from J. R. Ads or Addis, and had his witnesses with him to prove the deed, if the case came up.

Defendant's counsel objected to all the evidence, proving counsel fees paid by Richardson to attorneys which objection the Court overruled and defendant excepted.

The counsel for defendant requested the Court to charge the jury, that an eviction by paramount title must be proved to constitute a breach of warranty of title. There is no proof that the plaintiff in this action was ever in possession of the land, nor is there any evidence, that there was a grant from the State to any one. There is no proof of paramount title · in any one in the case in Monroe Superior Court, on which the case is founded, plaintiff is not therefore entitled to recover.

Which the Court refused, but charge in lieu thereof, that the verdict and judgment in Monroe Superior Court, presupposed that paramount title was proven to be in defendant in ejectment in Monroe Superior Court, and that the judgment was presumptive evidence of the fact.

The balance of the request was given except the conclusion "the plaintiff is therefore not entitled to recover."

The Court was further requested to charge: That there is no proof of eviction at all of any one claiming under Gragg, the plaintiff has not proved that the party who derived title from Gragg, was ever turned out of possession under any judgment of any Court.

Plaintiff is therefore not entitled to recover.

Which the Court gave as requested, except as to the conclusion and declined to charge that " therefore the plaintiff is not entitled to recover."

The Court then, charged the jury :

1st. If you believe from the evidence that defendant Gragg and the defendant in the action of ejectment, in Monroe, both claimed title from the same grantor, then it was not necessary for the plaintiff in said ejectment cause to introduce as evidence a grant from the State. And the verdict and judgment in Monroe, presupposes paramount title in the defendant in said ejectment suit, provided you believe from the evidence that Gragg, the defendant here had notice of the pendency of said suit in Monroe.

2d. The jury will presume that the trial in Monroe Superior Court was fair, and honestly conducted. The presumption is, that the Superior Court of Monroe did its duty, and came to a correct conclusion. If the defendant relies upon fraud or collusion in obtaining the judgment, it is for defendant to show it by proof.

3d. If you believe from the evidence that defendant Gragg was in Monroe Superior Court, during the pendency of the ejectment suit, and was there with his witnesses to prove his deed, and was aware of the pendency of the suit then, such facts, if you think such proof has been made before you, is evidence of notice to Gragg of the pendency of the ejectment suit.

4th. If you believe from the evidence, that defendant made a warantee title to the premises described in his deed. warrant-

ing the title against himself and all persons whatever, then if you believe Gragg had notice of the pendency of the suit in Monroe Superior Court, whether verbal or written, and was actually present in Monroe Superior Court, while said suit was pending; it became and was his duty to protect and defend his covenant of warranty; and he can claim no benefit or advantage here, because he failed in Monroe. But every presumtion of law is in favor of the fairness and regularity of the judgment, in Monroe Superior Court, unless such presumption is repelled or rebutted by proof.

5th. If you believe from the evidence, that Gragg had notice of the pendency of the suit in Monroe, and there was an active and earnest prosecution, and no collusion or fraud—(collusion or fraud must be proved by defendant, and not presumed,) then if you believe there was a warrantee deed and a breach of warranty, plaintiff is entitled to recover; and the measure of his damages is the original purchase money with interest thereon from the date of the deed; also whatever is proved before you, that was reasonable for counsel fees, and the costs paid by plaintiff in the ejectment suit in Monroe Superior Court. To all which charges and refusals to charge, the defendant by his counsel excepted, and on the several exceptions herein contained, assigns error.

W. S. ROCKWELL, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, Richardson, the purchaser holding Gragg's warranty, was never in possession. He sued to get the possession but failed in his suit—judgment going for his adversary, one Hill. Of this suit, Gragg had notice; and he took a part in its prosecution.

Was the judgment in this suit evidence of a breach of Gragg's warranty?

The ordinary case is this; the purchaser goes into possession, then, the person holding the paramount title, sues him for the possession, and he notifies his warrantor of the suit; judgment, nevertheless, goes against him, and under it, he is turned out of possession.

And in this, the ordinary case, the judgment is evidence of the existence of an adverse title, paramount to that conveyed by the warrantor; and the eviction is under that judgment. In this the ordinary case, then, the judgment, and the eviction under it are together evidence of an eviction and a paramount title; and that makes the breach of a warranty.

What is the difference between this, the ordinary case, and the present case? In the ordinary case, the purchaser after getting possession is turned out of it, by a suit against him, of which his warrantor has notice; in the present, case, the purchaser can never get possession; not even by the the aid of a suit of which his warrantor has notice, and in the prosecution of which he takes part.

The chance which the warrantor in the one case, has of asserting his title, is as good as the chance which the warrantor in the other case, has of asserting his title; the purchaser who is prevented from ever getting the possession, is at least as bad off, as the purchaser who having *got* the possession is turned out of it; a judgment against the purchaser when he brings the ejectment and vouches his warrantor, is as much evidence of an adverse title paramount to the warrantor's as is the judgment when the ejectment is brought against the purchaser, and he vouches the warrantor.

There is, then, no substantial difference, between the ordinary case, and the present case.

This being so, then, the judgment in Richardson's suit against Hill for the land, *was* evidence of breach of Gragg's warranty. It was evidence, that Richardson was kept out of possession by a title paramount to that which he derived from Gragg. To be kept out of possession by such a title as hat, was a breach of the warranty.

And if this be so, it seems manifest, that the Court below was right, in the charges which it refused to give; and also in those which it gave, except one. And, with that exception, we think that the Court was right.

The exception is, the charge, that Richardson was entitled to recover of Gragg, the fees he had paid his lawyers, in the suit brought by him to recover the land.

We do not know of any law to authorize this charge. None was read to us. We, must, therefore, hold the charge as unauthorized, and, consequently, must order a new trial unless these fees are remitted.

Nothing that has been said, is to be construed as meaning, that the judgment in the suit between Richardson and Hill, is *conclusive* on Gragg.

Judgment reversed.