### WIMBERLY *vs.* COLLIER.

Where a warrantor of the title of land is notified of the pendency of an action brought to evict his vendee, and he fails to make the necessary proof to protect the title, he is liable, upon an action of Covenant for a breach of his warranty, for the purchase money and interest and costs of the case; and the failure of the vendee to produce a deed, will not excuse him, if he could have successfully defended the action without the deed, and the deed itself would not have availed without this additional proof.

Covenant in Dougherty Superior Court.    Tried before Judge ALLEN, at the December Term, 1860.

The record in this case exhibits the following facts and questions, to-wit:

On the 25th of April, 1836, Nathan Johnson executed a deed in Beaufort District, South Carolina, conveying to Needham W. Collier lot of land, number 120, in the 8th District of originally Early, afterwards Baker county, which deed was duly recorded in the office of the Clerk of the Superior Court of Baker county, on the 23d day of December, 1836.

On the 3d day of May, 1839, Needham W. Collier executed a deed, conveying said lot of land to Hartwell H. Tarver.

On the 6th day of February, 1853, Hartwell H. Tarver made a deed, by which he conveyed the said lot of land to Henry S. Wimberly, in trust for Dolly, Anna Laura, Palanna and Frederick Ezekiel, orphan children of the late Frederick D. Wimberly, deceased.

On the 12th day of May, 1849, an action of ejectment was instituted in the Superior Court of Baker county, in favor of John Doe, on the demise of Eliza McKay, against Richard Roe, casual ejector, and Henry A. Tarver, as tenant in possession.

Needham W. Collier had due notice of the pendency of said action of ejectment against Henry A. Tarver, who was in possession of the land as the agent and friend of Henry

S. Wimberly, trustee, and Collier employed attorneys to aid in defending the action.

The action of ejectment was tried at the October Term, 1853, of Baker Superior Court, and a verdict was rendered and a judgment regularly entered up in favor of the plaintiff, against the defendant, "for the premises in dispute, and $850 for rent, and costs of suit."

On the 18th day of February, 1854, Henry A. Tarver filed his bill in Equity, in Baker Superior Court, against Eliza McKay, to set aside the verdict and judgment in said action of ejectment, on the ground, amongst others, that the said Eliza McKay, as the bill alleged, had intermarried with the said Nathan Johnson, in April, 1836, and was a *femme covert*, at the time said action of ejectment was brought, and at the time judgment was rendered therein; and on the further ground that Wade Cox, the only witness who testified in said action of ejectment, as to the rent of the land in dispute, and on whose testimony alone the verdict for mesne profits was founded, was mistaken in his testimony, and testified as to land cleared and cultivated on the premises in dispute, when, in fact, the witness had in his mind, at the time, land in cultivation on another and different lot of land, and was grossly mistaken, and has so admitted since the trial, and has filed an affidavit to that effect; the bill also alleges various excuses for the absence of Henry A. Tarver from the trial, the loss of deeds, etc.

The case in equity resulted in an entire release and discharge of the said Henry A. Tarver from all liability to pay the $850 for mesne profits found by the jury against him in the action of ejectment, leaving the verdict and judgment for the premises in dispute, and costs of suit, still in full force.

On the 23d day of April, 1855, Henry S. Wimberly, as trustee for the orphan children of Frederick D. Wimberly, deceased, instituted an action of Covenant in the Superior Court of Dougherty county, against Needham W. Collier, to recover damages for a breach of the covenant of warranty, in the deed from Collier to Hartwell H. Tarver.

On the trial of the case in the Court below, the following testimony was adduced, to-wit:

### EVIDENCE FOR PLAINTIFF.

The deed from Collier to Hartwell H. Tarver, conveying one-half of three lots of land, to-wit: Numbers 382, 385, and 386, in the 2d district of originally Early, now Baker county, and all of lot No. 120, in the 8th district of now Baker county, which deed recites the payment by Tarver of $3,000 for the land, and also contains a covenant to "warrant and forever defend the right and title thereof against the claim of all and every person or persons whomsoever."

The deed from Hartwell H. Tarver to the said Henry S. Wimberly, as trustee of the orphan children of Frederick D. Wimberly, deceased, before mentioned.

An exemplification of all the proceedings in the action of ejectment, before mentioned, with the verdict and judgment therein.

The bill filed by Henry Tarver against Eliza McKay, and her answer thereto, and the result of said case. It appeared from the answer of Eliza McKay, that she had never intermarried with Johnson, as charged in the bill, and that she was the drawer and grantee of the lot No. 120, and had never sold or conveyed it. The defendant's counsel objected to the bill and answer going in evidence, but the Court overruled the objection, and admitted them for the sole purpose of showing that Henry A. Tarver was not wanting in diligence in defence of the action of ejectment. To this ruling plaintiff's counsel excepted.

JOHN G. SLAPPY testified: At the time of the trial of the action of ejectment, he had the deeds to the land, and, after the case ended, he turned them over to Henry A. Tarver; that no one applied to the witness for the deeds on the trial; that there is no richer land in the neighborhood than lot No. 120.

LITTLETON PHILIPPS testified: That he knew the land mentioned in the deed sued on, well; that all of the lots are worth $10 per acre, taken severally or collectively.

HENRY A. TARVER, by depositions, testified : That the quality of the land in all four of the lots mentioned in the deed sued on, is about the same ; witness was not present at the trial of the action of ejectment ; that he never had, or saw, the deed from Johnson to Collier, and does not know who had it, when the action of ejectment was tried ; Hartwell H. Tarver, the father of witness, is dead, and witness is one of his heirs.

To the third interrogatory exhibited to him, the witness, Henry A. Tarver, answered: That, as agent for the plaintiff, Wimberly, he expended $108 60 for counsel fees and costs in the action of ejectment: which answer the Court, on objection made, excluded from the jury.

### EVIDENCE FOR THE DEFENDANT.

HON. LOTT WARREN testified : that he was employed by, and represented, the defendant, Collier, on the trial of the action of ejectment ; that on the trial, counsel for the defendant in the action of ejectment were unable to get the deed, or papers, on which the defence relied ; Henry A. Tarver was not at the trial, and in consequence of not having the papers, the defence could not be, and was not, made out ; that Tarver was called, but failed to appear, and nothing could be done for want of the papers ; that expecting the papers to be present at the trial, he made no application for them, either to Tarver or Wimberly.

THOMAS C. SPICER, ESQ., testified : That he was one of the firm of Platt & Spicer, employed to defend the action of ejectment, and made several applications for the title papers in order to prepare the case for trial ; that in 1850, or 1851, he applied to Henry A. Tarver for the deeds, and was told by him that he intended to keep them, because lawyers were always losing their papers, and he could not trust them ; that at the trial neither the papers nor Tarver could be found, and the counsel of the defendant had to go to trial without them.

Upon this evidence, and under the charge of the Court,

as set forth in a motion for a new trial, the jury returned a verdict for the defendant.

Counsel for the plaintiff then made a motion for a new trial on the following grounds, to-wit:

1st. Because the Court erred in excluding the answer of the witness, Henry A. Tarver, to the third interrogatory, as before stated.

2d. Because the Court erred in charging the jury as follows, to-wit: "That if the defendant in the action of ejectment withheld the title deeds from the use of the warrantor, and thereby defeated the defense in the action of ejectment, by thus withholding the deeds from the defendant, then the plaintiff cannot recover in this action.

"That to enable the plaintiff to recover in an action for breach of warranty in the sale of land, he must prove that there is a better outstanding title than that of the warrantor, or that he has been ousted by due course of law, without default on his part.

"That if the proof satisfied the jury that the recovery in the action of ejectment was a result of the withholding of the deeds by the defendant or warrantor on the trial, then the plaintiff cannot recover, by force of that recovery, and the plaintiff must have resorted to the original title, to show paramount title in the plaintiff in ejectment.

"That the statement in the answer of Eliza McKay, to the bill filed by Tarver, that she drew the land and it was granted to her, is not evidence of that fact as against the defendant in this action.

"That to show paramount title, the grant to Eliza McKay was necessary."

3d. Because the Court erred in charging the jury, "that the bill filed by Tarver, and the answer of Mrs. McKay, were only to be used as evidence of diligence and want of default, on the part of Tarver in defending the action of ejectment," when the main object in introducing them was to show that Collier had no defence to the action of ejectment, and to show that if the deed from Johnson to Collier

2

had been in Court, it would have availed the defendant nothing.

4th. Because the Court erred in charging the jury: "That if Tarver withheld the deed from Johnson to Collier, on the trial of the action of ejectment, from negligence or other cause, whether it would have availed Collier anything in defending the action of ejectment or not, the jury must find for the defendant."

5th. Because the jury found contrary to law, and contrary to evidence and without evidence.

This motion was overruled, and the new trial was refused, and this is the error complained of in this case.

HENRY MORGAN, for plaintiff in error.

WARREN & WARREN, for the defendants in error.

*By the Court.*—LUMPKIN, J., delivered the opinion.

Needham W. Collier sold to Hartwell H. Tarver a tract of land, No. 120, in the 8th district of formerly Early, now Baker county, which Collier bought from one Nathan Johnson. Collier made a warranty deed to Tarver, and at the same time, turned over to Tarver the deed from Johnson to himself. Tarver conveyed the land in trust to Henry S. Wimberly, for the three minors of Frederick D. Wimberly, deceased. An action of ejectment was brought against Henry A. Tarver, the tenant in possession, by Mrs. Eliza McKay, to recover the lot of land, and a judgment rendered in her favor for the premises, besides mesne profits and costs. Collier was notified of this suit, and was present defending it with his counsel. The mesne profits being excessive, or rather awarded on the testimony of a witness who was mistaken as to the *locus* of the land, a proceeding was instituted in Chancery, to have the error corrected; and they were written off.

Wimberly, the trustee, now sues Collier for a breach of his covenant of warranty, and seeks to recover the price paid by Tarver for the land, with interest, together with

counsel fees and costs of the litigation.   The jury, under
the rulings of the Court, found a verdict for Collier.   A
motion for a new trial was made on various grounds, and
amongst the rest, because the verdict was contrary to the
evidence.   The application was refused, and this decision
was excepted to, and is now assigned as error.

Owing to the defect in the bill of exceptions, the charges
of the Court in the case, and various other rulings complain-
ed of in the progress of the trial, cannot be considered—the
presiding Judge having failed to certify that they were true.

But it is enough for the purposes of this decision. to ex-
amine the proofs, and see whether the finding was not against
the evidence.

It is in proof that Collier had notice of the ejectment
suit; that he was present at the trial, defending the action
by his counsel.   *He* seeks to avoid a recovery upon the
ground that he applied to H. H. Tarver, to whom he turned
over the deed from Nathan Johnson, under which he claims,
and that he refused to let him have the deed.

This deed was not necessary to the defence of the action.
The land was granted to Mrs. McKay, the plaintiff in eject-
ment, as a widow.   Collier claims under N. Johnson, who
he alleges, was the husband of the grantee.   He had only
to show the intermarriage of Mrs. McKay, the *grantee*,
with Johnson, and that would have shown title, out of her.
But this he failed to do on the trial of the ejectment.   Had
the deed from Johnson to him been present, it would have
availed him nothing, without this additional proof; and that
proof would have defeated a recovery without the deed ; and
this proof he failed to make in the present action, which was
essential to his defence.

The truth probably is, he can never make this proof.   The
grantee of this land residing always in the city of Savannah,
and most respectably connected, never was the wife of Na-
than Johnson, nor of any other Johnson, nor of anybody
else, since the death of her first husband, as the proof in
this record abundantly demonstrates.   Nathan Johnson, the
grantor of Collier, may have married some other woman—

some other widow of that name; whether he did or not, does not appear.

We think, then, the record of the recovery in ejectment, entitled Wimberly, as trustee, to recover the price paid by H. H. Tarver for the land, with interest thereon, and the costs of that suit.

A claim is set up for counsel fees in the ejectment cause, and the bill subsequently filed to get rid of the $850 mesne profits; and there is respectable authority which holds that this is a legitimate item in the assessment of damages for a breach of warranty in the sale of land. If so, why not of personal property?

Without deciding this question, which our Courts have not favored, we think the want of diligence on the part of Tarver, in defending the ejectment, and the fact that Collier did employ counsel himself, is sufficint to negative this claim in the present case.

Judgment reversed.