### YOUNGBLOOD & HARRIS vs. EUBANK.

In the absence of any contract, a tenant may remove fixtures erected by him during the continuation of his term, or after its expiration, while he remains in possession under his landlord. If, after the expiration of his term, he surrenders the property without removing the fixtures, they become a part of the realty and belong to the landlord; and he cannot afterwards return and remove them.

(*a.*) A custom was shown in this case to allow saw-mill men to remove their fixtures, but no time for allowing such removal being shown, it will be construed according to the general law.

Landlord and Tenant. Fixtures. Title. Before Judge STEWART. Pike Superior Court. April Term, 1881.

Reported in the decision.

W. S. WHITAKER, for plaintiffs in error.

W. R. TAYLOR, by JNO. I. HALL, for defendant.

SPEER, Justice.

Plaintiffs in error brought in the justice's court of the 551st district, G. M., Pike county, their action for damages against the defendant in error, for the sum of seventy-five dollars and sixty-eight cents. They alleged they were engaged in the saw-mill business, and erected on the land of E. A. Maddox their saw-mill, and for their own use and convenience also erected certain temporary shanties, shelters, lots, pens, troughs and shops, and having moved said saw-mill from the premises, they did contract to sell, about the 25th of May, 1875 (as is the custom of saw-mill men), their shanties, etc., for the sum of seventy-five dollars and sixty-eight cents. But said defendant, on the 12th day of October, 1875, forbid the purchaser from removing said property, thereby preventing them from completing said contract ; that said defendant claimed said structures, and was and is in possession of the premises, and has since removed a portion of the lumber in said shanties. They allege said acts of defendant were illegal and tortious, and have injured and damaged petitioners the amount aforesaid.

To this action defendant pleaded the general issue, and also a special plea of justification, alleging that plaintiffs had neither the title nor possession of the property at the time of the alleged wrong, and that they had abandoned the premises and land on which said shanties, etc., were erected long before their alleged sale, and the term of their lease had long before expired. Defendant further

alleged that, as the agent of the owner of said premises, Maddox, he had only given written notice to plaintiffs not to remove said shanties, etc.

Upon the evidence submitted, the judge below, to whom by consent both law and facts were submitted for trial, awarded a judgment in favor of defendant, with costs, to which ruling and judgment the plaintiffs excepted, and assign the same as error.

The evidence in the record shows that the plaintiffs had, by contract, entered upon the premises of Maddox to cut and saw the growing timber on said lands, giving the owner a certain consideration therefor ; that for their own use and convenience they had erected certain temporary shanties, shelters, pens and stock lots on the place, and that after remaining on the premises some time, the plaintiffs removed their mill and appurtenances, including their stock, laborers, etc., to another place ; that it was the custom of mill-men, so engaged in cutting trees and sawing lumber on shares on the lands of another, to remove or dispose of the structures, etc., erected by them for their own convenience, and, while under this custom they had contracted to sell for removal these shanties, the defendant had forbidden them so to do, and hence they had been damaged the value of said shanties.

Whatever may have been shown to be the custom as to the right of these mill-men to remove from the premises these temporary structures which they had erected during their tenancy for their own convenience and use, there is no evidence in the record as to the time when, under this custom, this right of removal ceased, and, admitting that under this custom, as proved, these plaintiffs might have removed, or caused to be removed, these temporary fixtures, did they have the right to do so four months after their abandonment of the premises and the term of their lease had expired, as the evidence shows they attempted to do in this case ?

The custom set up by the evidence is in accord with

the common law rule as to the rights of tenants to remove fixtures made or erected by them. "Fixtures annexed to the freehold are *prima facie* the property of the owner of the soil." In aid of the tenant, however, and in favor of trade, an exception is engrafted upon that rule enabling him to sever the fixtures made by him and so regain his property in them. If he does not avail himself of this right, the fixtures belong to the person to whom the freehold belongs.

As a rule, the tenant must avail himself of his privilege to remove fixtures he erects while in possession of the demised premises, and the true rule probably is that the tenant's right of removal continues while he remains in possession of the demised premises, or in continuation of the same under the lessor. When the lessor re-enters lawfully, he enters upon the full and indisputable possession of that which (subject to the privilege of the tenant) has been his property during the whole term. The tenant is not required, in all cases, to remove the fixtures before his term has fully expired. He may remove them, notwithstanding the expiration of the term, if he remains in possession of the premises under the lessor, but the possession must be held under a right still to be considered the tenant of the lessor.

"In the earlier English authorities the right of the removal was limited to the actual term of the demise, but the more recent authorities settle the doctrine that the right of the tenant to remove fixtures exists during the period during which he might be considered as tenant." Tyler on Fixtures, 426–7; 3 Mees. & Welby, 184; 2 *Ib.*, 450.

The rule in the English authorities thus seems to be, " That in the absence of a contract to protect the tenant in the privilege of removing his fixtures after the term and possession are surrendered, they are regarded in law as abandoned to the use of the landlord."

Generally our American courts have recognized the En-

glish cases as authority upon the question of time in which a tenant's fixtures must be taken away, in order that a tenant may retain his property in them, and in accordance with what was understood to be the doctrine of the English authorities the courts of this country have expressly declared, that if the tenant's fixtures are not removed during the term and the tenant quits the demised premises, and the landlord takes possession, the fixtures become a part of the freehold, and the party who was the tenant cannot legally take them away afterward. Tyler on Fixtures, 434; 7 Barbour, 263–6.

It is generally recognized that the tenant must remove his fixtures before he quits possession on the termination of his lease. And when a tenant quits possession without removing a fixture, he is understood as making dedication of it to the landlord, and this is the doctrine here as well as in England. 5 Cowen R., 323, 327, 328; 20 Johns., 29; 1 Salk., 368; 45 N. Y. R., 792.

Here the plaintiffs as tenants under a contract of lease or tenancy from the owner, Maddox, terminated the same by removal from the premises, and Maddox, the landlord, through his agent, the defendant, re-entered, and so it continued for four months. We are clearly of the opinion that the right to remove these fixtures by the plaintiffs, or dispose of the same ceased, and that by operation of law they were abandoned and became property attached to the freehold and to the owner thereof. Without, therefore, ruling the grounds upon which the court awarded the judgment complained of, we think the judgment was right under the law, and the same is therefore affirmed.

Judgment affirmed.