FOUTE *v.* ELDER.

109  713
121  841

1. A bond for titles to a tract of land, described as being within certain boundaries and measuring a certain number of feet in width and in depth binds the obligor to make title to the entire tract so described ; and if he has no title to a portion of it, this is a breach of the bond, although he did not have title to such portion at the time the bond was executed.
2. Proof that the obligee in the bond for titles knew or had an opportunity to learn that the obligor was not the owner of the entire tract described in the bond does not relieve the obligor of the consequences of his breach, it not appearing that there was any mistake in the description given in the bond.

Argued December 16, 1899. — Decided January 30, 1900.

Complaint. Before Judge Calhoun. City court of Atlanta. July 9, 1899.

*John T. Pendleton* and *W. T. Moyers,* for plaintiff.
*Longino & Golightly,* for defendant.

SIMMONS, C. J. The record discloses that Foute sued Mrs. Elder on a promissory note for about $400, the balance of the purchase-price of a certain lot of land in the city of Atlanta, Georgia. Mrs. Elder filed a plea of set-off for certain interest and taxes she had paid but which should have been paid by Foute. She filed also a plea of failure of consideration, in that Foute had sold her a lot of land described as being 64 feet in width and 160 feet in depth, and had obligated himself to make her a good and sufficient title thereto upon payment of the pur-chase-money. This plea further alleges that the lot was not 160 but 143 feet in depth, 17 feet less than she had purchased. She prayed that she be allowed to recoup the value of the 17 feet, estimating it at $416, and that she might have judgment against the plaintiff for that amount and for the amount of her claims of set-off. On the trial of the case the jury returned a verdict for the amount of $142 in favor of the defendant. The plaintiff made a motion for a new trial. This was overruled,

and he excepted. It was admitted by Foute on the trial that the set-off of the interest and taxes was correct, and he also admitted that there was a deficit of 17 feet in the depth of the lot, but he contended that this 17 feet had been dedicated by him to the city for a street, and that this was known or ought to have been known to the defendant when she purchased the lot; that this part of the lot having been merely dedicated, Mrs. Elder still had title to it, the public having only an easement therein. The bond for titles given by Foute to Mrs. Elder described the land sold as follows: "A certain tract or parcel of land, situated, lying, and being in the City of Atlanta, and known as lot number thirty (30) of the subdivision of block two of land lot no. forty-six, in the 14th district of Fulton county, Georgia, commencing at a point one hundred (100) feet north of East Harris street (now Highland avenue) and fronting on the west side of the Boulevard sixty-four feet, and running back west at right angles with said Boulevard (with uniform width of front) one hundred and sixty feet; being on the southwest corner of the Boulevard and Adam street." It seems from this description that the lot *fronted on the west side* of the Boulevard and was to run back 160 feet from the side of that street. The dedication to the city of the seventeen-foot strip was not mentioned or excepted in the bond for titles, although the dedication had been made and the street widened before the time of the execution of the bond for titles. By his bond the plaintiff bound himself to make good and sufficient titles to a lot commencing at the *west side* of the Boulevard and from that side running back at right angles one hundred and sixty feet. This was his contract, and when it was ascertained that there was a deficit of seventeen feet, the defendant was entitled to recover, for this breach of the bond, the value of the shortage.

Wherever one contracts to sell the land embraced within certain boundaries or measurements, and it afterwards turns out that he can not make titles to all of the land embraced within those boundaries and measurements, he is liable to the vendee for the deficiency. This is true although the vendee knew or ought to have known that the vendor had, before making the bond, disposed of a portion of the tract. The vendee has a right

to rely upon the warranty or the contract obligation of the vendor and to demand compliance with the contract as expressed in the deed or bond for titles. This is no new doctrine in this court. In the case of *Smith* v. *Eason*, 46 *Ga.* 316, it was said : "A deed or bond for titles to a tract of land by its number in the State survey binds the obligor to make title to the land within the boundaries of such survey, and if a part be sold off before the date of the deed, this is a breach of the bond, nor is this breach excused by the fact that the quantity sold off is small, and the bond describes the number, containing two hundred and two and one half acres, more or less. Proof that the obligee in a bond for titles knew that the obligor was not the owner of the whole of the land described in the bond is no reply to a plea of a breach, unless it appear that there was a mistake in the description." This case was followed in *Miller* v. *Desverges*, 75 *Ga.* 407, and again in *Godwin* v. *Maxwell*, 106 *Ga.* 194. The fact that Foute had dedicated to the city the strip of seventeen feet and that the defendant has an easement in it, and that possibly at some future time the city may abandon the street, does not, in our opinion, alter the case. Mrs. Elder has a right to stand upon the contract as it was made and to claim 160 feet back from the west side of the Boulevard. The shortage is not in front of the lot but at the rear. The measurement was not from the middle of the street, as counsel for the plaintiff seem to contend, but from the west side, as is expressly and clearly shown by the bond for titles. Nor would it make any difference, in our opinion, that the land was enhanced in value by the dedication of the strip and the widening of the street. The defendant contracted for a lot 160 feet deep; and she is entitled to a lot of that depth, running back 160 feet from the west side of the street, or to a deduction in the purchase-price. The court did not err in the charge or refusal to charge of which complaint is made, no error of law appears to have been committed, the evidence fully warranted the verdict, and the trial judge did not err in overruling the motion for new trial.

　　*Judgment affirmed. All the Justices concurring.*