ALLEN *v.* TAYLOR, executrix.

CANDLER, J.   1. In an action on a warranty contained in a deed, it is not a good ground of demurrer that "it appears affirmatively in plaintiff's said petition that the title to the property embraced in the deed from defendant to plaintiff's grantor has been adjudicated adversely to plaintiff upon the ground and theory that it was conveyed by the wife of [a brother of defendant] to this defendant, and by defendant to plaintiff's grantor, in payment of a debt due by said [brother of defendant] to plaintiff's grantor, . . and was therefore void in law as against said wife," the defendant claiming that by reason of these facts the plaintiff is estopped to sue on the warranty in the deed.

2. A general warranty of title in a deed "includes in itself covenants of a right to sell," and "covers defects in the title though known to the purchaser at the time of taking the deed."    Civil Code, §§ 3614, 3615; *Miller* v, *Desverges,* 75 *Ga.* 407; *Godwin* v. *Maxwell,* 106 *Ga.* 194; *Foute* v. *Elder*; 109 *Ga.* 713; *McCall* v. *Wilkes,* 121 *Ga.* 722.

3. The first grant of a new trial will not be disturbed unless the verdict was demanded by the evidence, or there has been an abuse of discretion by the trial judge.    The record in this case discloses neither alternative.

*Judgment affirmed.    All the Justices concur.*

Argued December 14, 1904.— Decided January 30, 1905.

Action for breach of warranty.    Before Judge Littlejohn.    Sumter superior court.    August 13, 1904.

*Shipp & Sheppard,* for plaintiff in error.
*Lane & Maynard* and *W. P. Wallis,* contra.