### TAYLOR, administratrix, *v.* ALLEN.

1. Where a defendant in an action of ejectment may have an action over against a warrantor of title, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the right of the plaintiff to recover.
2. As to a defense which the person vouched could have set up in the ejectment case, and which, if sustained, would have defeated a recovery, he is concluded, and can not set it up in a suit for a breach of his warranty of the title, on account of the recovery in the ejectment cause.
3. This is also true if the defense was actually set up and passed upon in the first suit.
4. As a general rule, on a breach of warranty, the measure of damages is the purchase-money, with interest; and expenses of litigation, attorney's fees, cost, and traveling expenses are not proper elements of damage.

Argued February 13,—Decided August 19, 1908.

Action for breach of warranty. Before Judge Littlejohn. Sumter superior court. July 1, 1907.

*W. P. Wallis* and *Lane, Maynard & Hooper,* for plaintiff.

*Shipp & Sheppard,* for defendant.

LUMPKIN, J. Mrs. Nettie McCall Allen made a deed to her brother-in-law, Lee Allen, and on the same day the latter made a warranty deed to the American National Building and Loan Association, which conveyed by quitclaim deed to Taylor. Afterwards Mrs. Allen brought ejectment against Taylor, to recover the land. The defendant vouched Lee Allen as a warrantor. Mrs. Allen recovered judgment. Taylor brought suit against Lee Allen for a breach of warranty. The defendant pleaded that his deed to the association was without consideration; that he was never in possession of the land, and never owned or claimed title to it; that the deed from Mrs. Allen to him and that from him to the association were made to settle a criminal prosecution against Mrs. Allen's husband on a charge of embezzlement preferred by the association against him; that this mode of conveyance was used at the instance of the association; and that "it was upon this consideration and for this reason alone that a deed was accordingly made by the said Nettie Allen to this defendant and from this defendant to the said association, with full knowledge of all of the facts herein set out; and this defendant further avers that, in consideration of said aforementioned agreement, the prosecution instituted by the plaintiff against Thos. E. Allen was dropped and was not pressed further by plaintiff or his association, or by any of its officers or stockholders;" and that the deed made by him was "a part and parcel of an illegal scheme to compound a felony." Also, that the deed to him and that by him to the association were for the purpose of effecting a payment by Mrs. Allen of her husband's debt to the association, and that the dual conveyance was made at the suggestion of the present plaintiff as president of the association.

In the present case the defendant testified, among other things, as follows: Tom Allen was arrested on a charge of embezzlement. "A few days after that my brother's wife, Mrs. Nettie McCall Allen, sent for me to come to her house. I went to her house and she was crying, and asked me to go down to the Building & Loan Association and offer them this property of hers at Buena Vista. Well, at her request I went down to the Building & Loan Association. I did not make a statement of this matter then. I went to Judge Fort in regard to the matter that day; he was the attorney representing the Building & Loan Association, and as-

sisted the prosecution of my brother by this company. I went to him and offered him this property in settlement of my brother's,— I went to Judge Fort's office that afternoon, the afternoon of the day my brother's wife had sent for me, and offered him, as attorney and agent for the Building & Loan Association, a deed from brother's wife to the association with the understanding that these criminal cases against my brother should be dismissed."

A ruling on a demurrer to the petition will be found in 121 *Ga.* 841 (49 S. E. 799).

1-3. It is thus evident that Allen claimed the making of the deed by Mrs. Allen to him and that by him to the association to be parts of an illegal scheme. The record in the ejectment case was introduced in evidence. The jury found for the defendant. "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Civil Code, § 5234. It was admitted on the trial that the defendant was vouched in the ejectment case. He was therefore bound by the judgment as to the right of Mrs. Allen to recover; and if he failed to appear and protect his warranty by defending against her suit, in an action on his warranty he was bound as to any defense which he could have set up in the first case. If the deed from Mrs. Allen to Lee Allen and from him to the association were parts of a scheme to compromise a prosecution for a felony, and this was known to Taylor, as now contended, this would have been a good defense to the action of ejectment, the conveyance and delivery of possession having been consummated. If he failed to set up this, he was bound by the judgment, and precluded from setting up the same issue in a suit on the warranty. If he did appear when vouched and set up this defense, he is of course bound by the judgment. Civil Code, § 3742. If the evidence be considered in order to show that the point was actually passed on in the former suit (*Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037)), it is clear that it was so. The defendant testified that he was a witness in that suit, and gave evidence by interrogatories touching the illegality of the consideration. There was also other evidence on that point. The charge of the court in that case more frequently referred to the deed of Mrs. Allen,

but it was not confined to her deed alone as distinct and disconnected from that of the defendant.

It seems to be clear, therefore, that not only was the matter of the illegality of the transaction a defense which could have been made in the ejectment suit, but also that it was actually passed upon. The present defendant was accordingly concluded on the subject, and could not again set up that defense. Nor was it any defense against a suit on his warranty that Mrs. Allen made her conveyance to pay the debt of her husband. The restriction on the right of a married woman as to conveying her property, and her right to recover it if conveyed for the purpose of paying her husband's debt, and if received and held by one with notice of that fact, is for her protection. Civil Code, §2488. It is not for the protection of a man sui juris who takes a deed from her and warrants the title to another. The very object of the interposition of this conveyance to him and by him was probably to place a warrantor between her and the company, who could be held on his warranty if she repudiated her conveyance. So a minor may repudiate his contract or conveyance; but if another warrants or guarantees that the minor's conveyance shall be good, he is not relieved by the minor's refusal to abide by it. The very reason for taking the warranty, if lawful, can hardly be a defense to a suit for its breach. A general warranty covers a known defect in the title. Civil Code, §3615; *Allen* v. *Taylor,* 121 *Ga.* 841. The point was raised by objection to evidence and to the charge, and by attacking the verdict as not authorized by the evidence. The objection to the evidence is not well stated, but the assignment of error upon the charge and verdict is valid, and we think should be sustained.

4. The general rule in Georgia is, that, on a breach of warranty of title to land, the measure of damages is the purchase-money, with interest, unless the use of the premises is equal to the interest, in the opinion of the jury. Civil Code, §3804; *Gragg* v. *Richardson,* 25 *Ga.* 566, 571 (71 Am. D. 190) ; *Wimberly* v. *Collier,* 32 *Ga.* 13, 20. It has been held by two Judges (one dissenting) that even a remote warrantor can show the purchase-money actually paid, in spite of a recital in the deed as to the consideration. *Martin* v. *Gordon,* 24 *Ga.* 533. Speaking for myself, I think the dissent of Judge McDonald, as to an innocent purchaser

without notice, presents strong reasoning. Taylor could not recover more than he had paid, with interest. If the purchase-money or consideration of the deed of Allen to the association was more than that of the deed to Taylor, his recovery would be limited to his loss, with interest. If that were more than the consideration of the warranty deed of Allen, no recovery could be had beyond the amount of the latter, with interest, if the ruling of the majority of the court in the *Martin* case be followed; and certainly it is sound as to one who buys with notice. The expression, "purchase-money," as here used, includes the actual consideration whether paid in money, property, or otherwise. If a breach of warranty is proved, but no amount of purchase-money is shown as a measure, nominal damages only are recoverable. Civil Code, § 3801. Expenses of litigation, attorney's fees, and cost of traveling were not proper elements of damages.

*Judgment reversed. All the Justices concur, except Evans, P. J., and Atkinson, J., who dissent.*

EVANS, P. J., and ATKINSON, J. We differ with our brethren as to the extent of the estoppel of the judgment in the ejectment case. Under the record in that case it appears that Mrs. Allen sought to evade the estoppel of her own deed, by showing it was given to settle her husband's debt, and the defendant attempted to thwart that effort by urging that the real consideration of Mrs. Allen's deed was to suppress a criminal prosecution, and that the law would not aid her in a recovery of the land. See *Taylor* v. *Allen*, 112 *Ga.* 330 (37 S. E. 408). The capstone of the legal principle asserted by the defendant to prevent a recovery was, that Mrs. Allen had engaged in an illegal transaction; that her deed was made to suppress a prosecution for crime. The participation of Lee Allen in her effort to suppress the prosecution was not an independent issue. The fact for adjudication was not that Lee Allen gave his deed to the association to suppress the prosecution, but did Mrs. Allen give her deed for that purpose? Now it may have been that Mrs. Allen gave her deed to settle her husband's debt, without any purpose to settle the warrants against her husband. It may have been that Lee Allen's only purpose in the transaction with Taylor and the association was to stifle the prosecution against his brother, and that Mrs. Allen had no connection therewith. The issue in the ejectment case did not

cover the independent action of Lee Allen, and he could plead in bar of the action on the covenant of warranty that he made his deed in pursuance of an understanding between him and the association and its president, the plaintiff in this case, that the warrants against his brother were to be dismissed and further prosecution suppressed.