## WILLIAMS *v.* AMERICAN SLICING MACHINE CO. *et al.*

1. The assignments of error based on the refusal to continue the case, and on sustaining the demurrer to portions of the answer, show no error.

2. Where the seller of personal property brings an action in trover against one not the original purchaser, to recover the property or its value, a money judgment therein is not a judgment for purchase-money.

No. 1037. FEBRUARY 13, 1919.

Equitable petition.   Before Judge Howard.   Carroll superior court.   May 18, 1918.

*Smith & Smith,* for plaintiff in error. *Buford Boykin,* contra.

HILL, J.   The American Slicing Machine Co., the National Cash Register Co., and Frank W. Burr brought an equitable petition against N. A. Williams, alleging, that he was indebted to them respectively in certain amounts specified, that he had been duly adjudged a bankrupt in the district court of the United States, and that in the bankruptcy proceedings a homestead exemption had been set apart to him out of certain named personal property.   It was sought to enjoin the trustee from delivering the property so set apart to the bankrupt, and to have a receiver

appointed for it, in order that it might be subjected to the claims of petitioners, who averred that their claims were superior to the homestead claim. In some way the American Slicing Machine Co. seems to have been eliminated from the case, and it was agreed that Burr have a verdict subjecting the property. No objection seems to have been made to the pleadings on the ground of misjoinder of parties plaintiff.

The claim of the National Cash Register Co. was resisted, but a verdict in its favor was rendered, and a decree was entered giving to that plaintiff a judgment in rem, which was declared to be a lien on the property set apart to the bankrupt. The defendant excepted.

The petition alleged that the defendant was indebted to the National Cash Register Co. in the sum of $70, plus interest at seven per cent. since December 16, 1915, "said indebtedness being due for one register, and being judgment rendered by the city court of Carrollton on above date." In paragraph seven of the petition it was alleged that the account due the National Cash Register Company was for the purchase-price of "one cash register valued in his homestead exemption at $40." It appeared in the evidence that the cash register in question had been purchased by Williams from a third person; and that the judgment upon which the company declared in the equitable suit was rendered in a trover suit brought by the company in the city court of Carrollton, in which it was alleged that Williams was in possession of the register, that it was the property of the plaintiff and of the value of one hundred dollars, and that the plaintiff claimed title thereto. The plaintiff having obtained judgment, an execution for the sum of seventy dollars principal was issued thereon and was levied upon the cash register in question, which, at the sale under the execution, was bought by Williams for $40, which sum was credited on the execution; and the deficiency still due thereon was the basis of the claim to a judgment in rem against the exempted property.

In order for the superior court legally to decree a lien on the property which the bankrupt claimed as an exemption, the claim which the plaintiff was urging against the bankrupt must have been one which was superior to the bankrupt's right of homestead under the laws of this State. In the present case it was alleged

to be superior to the exemption, on the ground that it represented purchase-money of the cash register which the bankrupt scheduled among his assets. We cannot see, however, how an alternative judgment for the money value of property in an action for tort, which is the character of a trover suit, can be said to be in any sense a judgment for purchase-money. Purchase-money is defined as being "the original debt or consideration which the purchaser agrees to pay for a thing in money." See Bouvier's Law Dic. (3d ed.) 2772; also *Taylor* v. *Allen,* 131 *Ga.* 416 (62 S. E. 291), in which it was said that the purchase-money of land included only the actual consideration paid for the land. In Hoyt *v.* Alstein, 15 Barb. 568, it was ruled: "Where an execution is issued upon a judgment recovered in an action for taking personal property without the consent of the owner, and converting and disposing of the same, such execution is not to be considered as issued on a demand for the purchase-money of the property, so as to bring the case within the proviso of the first section of the exemption act." In the present case it does not appear that N. A. Williams ever purchased the cash register from the National Cash Register Company, or that there was any privity of contract between them. On the contrary, the only evidence of any dealings between them consists in the proceedings in the suit in trover, in which the company was suing him as a tort-feasor, to recover the cash register or its value. Certainly a judgment rendered in that action was not one for purchase-money.

The judgment in favor of Burr was based upon notes which contained a homestead waiver, and was rendered by consent. That part of the judgment decreeing a lien in his favor against the exempt property is affirmed; but the judgment is reversed in so far as it declares a lien in favor of the National Cash Register Company as against the exemption set apart to the bankrupt.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*