18863. LIFSEY *v.* FINN *et al.*

Decided October 2, 1928. Rehearing denied November 13, 1928.

*M. H. Blackshear, John R. L. Smith, Joseph LeConte Smith, George A. Pindar,* for plaintiff.

*J. S. Adams, C. C. Crockett,* for defendants.

BLOODWORTH, J. (After the foregoing statement of facts.) The defendants allege in their answer in the instant case that they were *relieved* as codefendants in the ejectment suit instituted by the plaintiff against Stephens and Sanders; but there is nothing to show that they were relieved from their warranty in the deed they had given to the plaintiff, and they did not allege and nothing in the record shows that they were *denied the privilege* of participating in said ejectment suit, and thereby defending the title which they had made to the plaintiff. On the contrary, they were vouched into court and invited to participate in the trial of the ejectment case with full notice that they were so vouched because, as plaintiff stated: "I hold the described land under your warranty of title; you are hereby called upon to appear *and prosecute* the said action named." The possession of this 150 acres was yielded by the plaintiff in consequence of the result of this ejectment proceeding of which the warrantors had notice and which they had an opportunity to defend. See Civil Code (1910), §§ 5821, 4197; *Wimberly* v. *Collier,* 32 *Ga.* 13; *Taylor* v. *Allen,* 131 *Ga.* 416 (62 S. E. 291); *Ashburn* v. *Watson,* 8 *Ga. App.* 566 (1) (70 S. E. 19).

In the warranty deed to the 500 acres of land from Finn and Mrs. Pritchett to Lifsey is the following: "To have and to hold the said bargained premises, with all and singular the rights, members and appurtenances thereto appertaining, to the only proper use, benefit and behoof of himself, the said C. L. Lifsey, his heirs and assigns, in fee simple; and the said J. M. Finn and Mrs. Willie McL. Pritchett, executrix of the estate of T. J. Pritchett, the said bargained premises unto the said C. L. Lifsey, his heirs and assigns, against the said J. M. Finn and Mrs. Willie McL. Pritchett, executrix of the estate of T. J. Pritchett, their heirs and assigns, *and against all and every other person or persons, shall and will and forever defend by virtue of these presents.*"

(Italics ours.) C. L. Lifsey, the grantee in this deed and the plaintiff in the trial court, was not the husband of Mrs. Emma A. Lifsey, who conveyed the 150 acres, and did not live in the same town with her; and he denies that he had any knowledge of the previous conveyance of this 150 acres. However, conceding that Lifsey, when he accepted this warranty deed to the 500 acres, was aware of all the transactions relative to this land which are shown by the record, this court finds nothing in the evidence to take the case out of the statutory rule laid down in the Civil Code (1910), § 4195, which is as follows: "A general warranty of title in a deed against the claims of all persons covers defects in the title though known to the purchaser at the time of taking the deed." See, in this connection, *Allen* v. *Taylor,* 121 *Ga.* 841 (2) (49 S. E. 799), and citations; *Peters* v. *Miller,* 154 *Ga.* 500 (1) (114 S. E. 640), and citations; *Foute* v. *Elder,* 109 *Ga.* 713 (35 S. E. 118); *Gragg* v. *Richardson,* 25 *Ga.* 566 (71 Am. D. 190); *Miller* v. *Desverges,* 75 *Ga.* 407.

It must indeed be a strong case to authorize a court to say that a warranty deed does not warrant the title to the property conveyed; and there is no legal, valid evidence to support the contention of the defendants that the plaintiff accepted the warranty in the deed "with the full knowledge that it was waived in so far as it referred to the 150 acres," or that the ";plaintiff agreed that it should be waived."

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*