·18863. Lifsey *v.* Finn *et al.*

Bloodworth, J. "1. A covenant of general warranty relates only to the title, and, as a general rule, only to the title as it existed at the time the covenant was executed.

"2. Taxes assessed after a contract of sale of land, which the purchaser has covenanted to pay, and which he permits to remain unpaid, thus causing a sale of the land under a tax execution, do not constitute a defect in the title caused by the vendor under the covenant, and such defect in title is attributable to the purchaser's own fault, for which the vendor is not liable under his warranty.

"3. In the circumstances stated in the preceding notes, Civil Code § 4195, which provides that 'General warranty of title in a deed, against the claims of all persons, covers defects in the title, though known to the purchaser at the time of making the deed,' does not apply."

4. The foregoing are the rulings of the Supreme Court in this case, which was carried by certiorari to that court. (169 *Ga.* 599, 150 S. E. 908). Under these rulings the former judgment of this court (38 *Ga. App.* 671, 145 S. E. 519) must be vacated; and the judgment of the trial court overruling the motion for a new trial is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 15, 1930.

*M. H. Blackshear, Smith & Smith, G. A. Pindar,* for plaintiff.
*J. S. Adams, C. C. Crockett,* for defendants.