25095.   CURRIN *v.* MILHOLLIN *et al.*

DECIDED APRIL 18, 1936.

*Sapp & Barnes,* for plaintiff. *Kelley & Dickerson,* for defendants.

GUERRY, J.   Mrs. R. E. Currin brought suit for breach of a covenant of warranty in a deed to land made to her by J. H. Mil-

hollin and P. L. Moore. In 1920 George Knowles, then the owner, leased fifteen acres of the land involved in this suit to J. N. Bray Company for a term of ten years, and provided in the lease contract that J. N. Bray Company should have the right "at will to remove from said premises all machinery, fixtures, appurtenances and appliances, and houses erected and installed by them upon said premises for the use in the operation of their business, excepting only the negro shanties." In 1923 Knowles made a warranty deed to certain described land, including the fifteen acres leased by him to the Bray Company, to Milhollin and Moore, the defendants in this case, and in 1924 Milhollin et al. made a warranty deed to the same property to the plaintiff. In 1927 the Bray Company began the removal of certain houses erected on said land by them, after the execution of the lease to them by Knowles. In the petition these houses were alleged to be "permanent fixtures" permanently attached to the land, and were described as certain buildings with brick or concrete foundations and with galvanized iron sides and covers and described dimensions. It was further alleged that the Bray Company had the right under its lease contract to remove said buildings so erected. The value of the buildings was alleged, and it was further alleged that the nature of the fixtures, independently of the lease contract between Knowles and the Bray Company, were fixtures attached or annexed to the freehold and the property of the owner of the soil, that they were permanent buildings to the freehold attached, and on account of the paramount title of the Bray Company, so far as the right to remove the fixtures was concerned, there was a breach of the warranty in the deed executed by the defendants to the plaintiff, in the sum of $4000, the alleged value of the buildings removed by the Bray Company. A general demurrer was sustained, to this petition and plaintiff excepted.

"A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment, and of freedom from incumbrances." Code of 1933, § 29-303. "A general warranty of title in a deed against the claims of all persons covers defects in the title, though known to the purchaser at the time of taking the deed." § 29-304. It is insisted by the defendant that the petition shows that the houses described were trade fixtures, and as such the Bray Company had

the right, independently of the contract, to remove them, and therefore there was no breach of warranty in the deed conveying the land. If this were an action between Knowles and the Bray Company, and there were no contract as to the removal of the fixtures, we might be willing to apply the rule that would obtain between landlord and tenant. As between landlord and tenant the right to remove trade fixtures which are permanently attached to the land may exist, and in such cases be an exception to the general rule which provides that articles attached to the realty become a part thereof. See, in this connection, *Charleston & Western Carolina Ry. Co.* v. *Hughes*, 105 *Ga.* 1 (30 S. E. 972, 70 Am. St. R. 17); *Wright* v. *DuBignon*, 114 *Ga.* 765 (40 S. E. 747, 50 L. R. A. 669). But, as was said in *Wolff* v. *Sampson*, 123 *Ga.* 400 (51 S. E. 335): "The rule in reference to trade fixtures is applicable in cases of landlord and tenant, or where the occupant is in for a limited time; but it generally has no application whatever between a grantor and grantee. Mr. Bronson, in his work on Fixtures, says: 'As between grantor and grantee, the strict rule of the common law obtains, and the general rule, in the absence of any agreement between the parties to the contrary, undoubtedly is that all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold.'" In the same opinion Justice Cobb quoted further from the same author, as follows: "The fact that articles attached to the premises have been devoted to purposes of trade, domestic convenience, or ornament does not thereby entitle the grantor to remove the same. The exception to the general rule in favor of this class of fixtures is not operative as between grantor and grantee." See also *Brooks* v. *John Hancock Mutual Life Insurance Co.*, 36 *Ga. App.* 261 (136 S. E. 166). Trade fixtures are articles annexed to the realty by a tenant for the purpose of carrying on a trade, and are ordinarily removable by him during his term of rental. 26 C. J. 699. In *Carr* v. *Ga. R.*, 74 *Ga.* 73, it was held that a brick depot erected by a railroad company on leased land was a trade fixture. Likewise in *Youngblood* v. *Eubank*, 68 *Ga.* 630, it was held that certain temporary shanties erected by a sawmill company were, in view of custom shown in that case, trade fixtures. We would be unwilling to hold that every structure erected by a tenant on leased premises for his own business and convenience was a trade fixture,

and that the same could be removed without a contract to that effect, even in a contest between a landlord and tenant. Neither do we think that the principle cited by the defendant in error, that "a conveyance of real estate does not carry with it to the grantee the ownership of personal property which may be on the premises, unless such is named or referred to in the conveyance" (18 C. J. 295), is applicable under the facts of the present case. Under the Code of 1933, § 85-201, "Realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of or dependent thereon." It was said in *Wright* v. *DuBignon,* supra, that § 61-110, was codified from the case of *Youngblood* v. *Eubank,* supra, and is applicable only to trade fixtures. See also *Armour* v. *Block,* 147 *Ga.* 639 (95 S. E. 228), where it was held that the landlord could not recover damages for the removal of trade fixtures erected by the tenant during his occupancy of the premises and that a smokehouse erected by the tenant for the conduct of its business was a trade fixture. Justice Gilbert concurred specially on the ground that the right of removal existed by reason of the contract between landlord and tenant, and not because of the fact that it was a trade fixture. Under the facts alleged in this case the plaintiff held under a covenant of warranty which conveyed the real estate, and there was conveyed therewith "all things permanently attached to the realty," such as buildings thereon. It not being an action between landlord and tenant but between grantor and grantee, trade fixtures are not involved. Between grantor and grantee the strict rule of the common law applies; and in the absence of any agreement to the contrary, the houses on the lands conveyed pass to the purchaser as well as the land itself. In *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.,* 151 *Ga.* 145 (106 S. E. 178, 13 A. L. R. 1451), the City of Savannah, alleging that it was the owner of the fee-simple title, sought an injunction against the Standard Fuel Supply Company to prevent removal of a pavement put down on the premises by that company. The defendant insisted that the pavement was a trade fixture, and that it had the right to remove the same. The city became owner of the fee-simple title during the occupancy by the defendant under its lease. The tenant also set up an express agreement made by it with the owner of the premises, reserving

the right to remove the pavement, before his sale thereof to the City of Savannah. It was there held that the alleged express agreement not being set up in the rental contract, and it not being alleged that the city had any notice thereof, it was entitled to an injunction to prevent the removal of the alleged trade fixture. In the present case the right to remove the alleged fixtures was given by a contract of rental; and in such a case the purchaser of the land, having notice thereof, could not prevent such removal.' Such fact is pleaded in the petition. The defendant having conveyed the land by warranty deed, the buildings thereon also were conveyed. The plaintiff had notice that the lessee had the right of removal of such building; and the defendant in error insists that this notice constituted knowledge that such buildings were not a part of the realty, and therefore were not covered by the covenant of warranty in the deed. The plain Code provision, § 29-304, already quoted, is directly contrary to this contention. This principle has been applied repeatedly in cases where the purchaser had knowledge of the defect in the vendor's title, or of the fact that the vendor had formerly sold a portion of the land to another, and yet the courts have held that such purchaser, although having such knowledge, has a right to rely on the vendor's warranty. As was said in *Smith* v. *Eason*, 46 *Ga.* 316, "Proof that the obligee in a bond for titles knew that the obligor was not the owner of the whole of the land described in the bond is no reply to a plea of a breach, unless it appear that there was a mistake in the description." See also, *Foute* v. *Elder*, 109 *Ga.* 713 (35 S. E. 118); *Lowery* v. *Yawn*, 111 *Ga.* 61 (36 S. E. 294); *Amos* v. *Cosby*, 74 *Ga.* 793; *Osburn* v. *Pritchard*, 104 *Ga.* 145 (30 S. E. 656); *Miller* v. *Desverges*, 75 *Ga.* 407; *Roberts* v. *Benson*, 35 *Ga. App.* 135 (132 S. E. 110); *Lifsey* v. *Finn*, 38 *Ga. App.* 671 (145 S. E. 519). In the present case, there being no exception in the general warranty, notice of the right of the lessee under the contract will not be a good plea against the suit on the warranty; neither will the contention that the buildings were trade fixtures between the landlord and tenant be applicable, if applicable at all, in a suit between grantor and grantee for a breach of warranty. It was error to sustain the general demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*