Smith *vs.* Eason.

---

SAMUEL SMITH, plaintiff in error, *vs.* EDMOND D. EASON, defendant in error.

1. A deed, or bond for titles to a tract of land, by its number in the State survey, binds the obligor to make title to the land within the boundaries of such survey, and if a part be. sold off before the date of the deed, this is a breach of the bond, nor is this breach excused by the fact that the quantity sold off is small, and the bond describes the number, containing two hundred and two and one-half acres, more or less.

2. Proof that the obligee in a bond for titles knew that the obligor was not the owner of the whole of the land described in the bond, is no reply to a plea of a breach, unless it appear that there was a mistake in the description.

3. When the defendant, in a suit at law, sets up a legal defense, and the

plaintiff desires to reply some equitable matter, he may do so, but he must amend his declaration so as to plainly and distinctly set forth such equitable reply.

Warranty. Failure of consideration. Equitable remedy. Pleading. Amendment. Before Judge CLARK. Schley Superior Court. April Term, 1872.

Edmond D. Eason brought complaint against Samuel Smith upon a promissory note for $1,249, due January 1st, 1871. The defendant pleaded the general issue and partial failure of consideration.

It appeared from the evidence that the note sued on was given as a part of the purchase-money for certain lots of land, and amongst them, lot number two hundred and fifteen; that Eason gave his bond for titles to Smith, obligating himself as follows: "Now should the said Samuel Smith well and truly pay said promissory notes, then the undersigned binds himself to make or cause to be made to said Samuel Smith good and sufficient title in fee simple to lot of land [containing] two hundred and two and one-half acres, more or less, number two hundred fifteen;" that prior to the execution of said bond, plaintiff had sold thirteen acres off the northeast corner of said lot to one John Barker; that defendant had never had possession of said thirteen acres; that the price of the land was eight dollars per acre; that defendant knew of the sale of said thirteen acres to Barker at the time he purchased.

Counsel for defendant requested the Court to charge the jury, "that if plaintiff sold the lot number two hundred and fifteen, and gave a bond for warrantee titles to the whole lot, and had, at that time sold thirteen acres to John Barker, and defendant could not get the same, then defendant was entitled to have a deduction from the price agreed to be paid for said land, whether he knew the thirteen acres had been sold or not, that plaintiff was bound by his warranty."

The Court refused to charge as requested, and charged as follows: "That if he (defendant) knew of it and helped to

survey it, he was bound by it; that if the amount of the deficiency was only five or six acres, and the parties knew of it and contracted with that view at the time of the purchase and sale, then no abatement of the purchase price should be allowed; that if the amount of the deficiency of the land was much larger, and the defendant did not know of it, that an abatement should be allowed."

A note to the bill of exceptions by the presiding Judge states that the witnesses for the plaintiff did not agree with defendant as to the number of acres short; that plaintiff and two other witnesses swore that there was only about five or six acres in the cut-off.

The jury returned a verdict for the plaintiff. Plaintiff excepts to the refusal of the Court to charge as requested, and to the charge as given, and assigns said refusal and said charge as error.

W. A. HAWKINS, for plaintiff in error.

HUDSON & WALL, for defendant.

McCAY, Judge.

Here was a written contract, by which the plaintiff below agreed to make titles to a certain tract of real estate within certain specified boundaries. The plea is, that the contract has failed; that, in fact, before the bond was made, he had sold a part of the land *within* the boundaries to another person, and that such person was and still is in possession. This is a clear breach of the bond, and the defendant is entitled to *recoup* to the amount of the value of the land sold off.

The reply is, this is a small matter covered by the words "more or less." Were the deficit merely a deficit of land within the boundaries, this might be true. If it were an error in estimate, if the number of acres could be treated as mere description, this rule might apply. But here is a failure of title to a certain fixed area within the boundaries. The land is there—there are acres a plenty—but the vendor does not own them. We do not think the flexibility of the words

"more or less" can cover such a case. Nor can parol evidence contradict the deed. The fact that the defendant knew the land had been sold is not, of itself, a reply to the express words of the bond. Men often take warranties, knowing of the defects in the title. The very object of the warranty is often to meet known defects. The only way to meet this defense by the rules of the common law was to show fraud in the bond, or perhaps mistake.

We recognize the right of either party in a suit at law, under the Code of this State, to set up equitable rights. The defendant may plead in equity and the plaintiff reply in equity. But the plea must be set forth plainly and distinctly. We have given this subject much consideration, and are of opinion that the same rule is to be applied to the plaintiff. If the defendant sets up a *legal defense,* and the plaintiff has a reply to it not good by the rules of the common law but good in equity, he may reply in this State at law. But he must amend his declaration. The record must show what his reply is. The judgment at law is only conclusive as to *legal rights.* As to equitable rights, the judgment does not conclude, unless they be in fact determined.

We see, therefore, no way of giving effect to this provision of our law, giving such extensive rights at law, and at the same time preventing injustice, but to require the plaintiff who wishes to reply an equitable right to a legal defense, to put his claim upon the record by amending his declaration.

We think the rules of law were not properly applied by the Judge in this case, and that there ought to be a new trial.

Judgment reversed.