## MILLER *vs.* DESVERGES.

A general warranty of title in a deed against the claims "of all persons whatever" covers defects in the title, though known to the purchaser at the time of taking the deed; and where the purchaser has been evicted from land by a judgment in ejectment, he can maintain suit against his vendor for a breach of the covenant included in such a warranty, although at the time of taking the conveyance, or before, he knew or was informed of defects in the title of his immediate feoffor.   Nor can an intention to except defects known to the vendee be shown by parol.

(*a.*) The *obiter dictum* in *Skinner et al. vs. Moye, trustee*, 69 *Ga.*, 476, corrected.

January 26, 1886.

Contracts.  Warranty.  Actions.  Before Judge HARDEN. City Court of Savannah.   July Term, 1885.

Desverges brought suit against Miller, based on a general warranty of title of land purchased by the plaintiff from the defendant, from which the plaintiff had subsequently been evicted under a judgment in ejectment, at the suit of a third party. - The defendant pleaded the general issue, and that the plaintiff knew of the defect when he purchased: that it was understood that the warranty did not cover this defect; and that the plaintiff said he would assume the risk, and the sale was made to him at a reduced rate.

On the trial, the jury found for the plaintiff.  The defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows, and refused to charge to the contrary effect: "If it is shown that the defect, as is claimed, was known by the plaintiff at the time of purchase, then I charge you that, unless the plaintiff and defendant agreed that the warranty in the deed would not cover this defect, the warranty does cover

it; and if the plaintiff was ejected through this defect, he can recover."

The motion was overruled, and the defendant excepted.

W. H. WADE; N. C. COLLIER, for plaintiff in error.

DENMARK & ADAMS, for defendant.

HALL, Justice.

The question made by this record is, whether one who has been evicted from land by a judgment in ejectment can maintain a suit against his vendor for a breach of covenant included in a warranty of title against the claims " of all other persons whatever," if at the time of taking the conveyance, or before, he knows or is informed of any defect in the title of his immediate feoffor; or whether, in other words, such a general warranty will cover defects in the title, where they were known to the purchaser.

We think the law was correctly laid down upon this subject in *Smith vs. Eason*, 46 *Ga.*, 316. The court there held that, if the obligee in a bond for titles knew that the obligor was not the owner of the whole land described in the bond, proof of this fact is no reply to a plea of a breach, unless it appears that there was a mistake in the description.   In pronouncing the judgment, it was said, " Nor can parol evidence contradict the deed.   The fact that the defendant knew the land had been sold is not, of itself, a reply to the express words of the bond.   Men often take warranties knowing of defects in the title.   The very object of the warranty is often to meet known defects in the title. The only way to meet this defence by the rules of the common law was to show fraud in the bond, or, perhaps, mistake."   The same principle is announced in *Clark et al., ex'rs, vs. Wh-tehead*, 47 *Ga.*, 516.

The Code, §2703, declares that, " a general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment, and

of freedom from incumbrances." There is no express exception here to the effect that such a warranty will not cover liens or defects of title known to the vendee, unless it is shown that the parties intended it should do so. Nor can such intention be established by parol proof contradicting the plain words of the deed; this would be repugnant to the evident scope and meaning of the preceding section (2702) of the Code, which provides that " the purchaser of land obtains with the title, however conveyed to him at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty of title, or of quiet enjoyment, or of freedom from incumbrances, contained in the conveyances from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself."

Although requested to do so, we do not think it necessary to review the case of *Skinner et al. vs. Moye, trustee,* 69 *Ga.,* 476, further than to point out and correct what we deem an error into which the learned judge delivering the opinion must have inadvertently fallen. He there says, " The rule is, that where there are liens upon or any defect in the title known to the party purchasing, a general warranty is not presumed to cover such defects, unless expressly so intended. But whether such defects or liens are intended so to be covered, is a question of fact, and parol evidence is admissible to establish such fact. Code, §2655." The section cited is as follows: " Patent defects are not covered by a general express warranty, unless intended to be so covered. In proof of this intention, parol evidence is admissible." This section, as we think, refers to general warranties on the sale of personal property, and to such defects as are apparent in the article or thing sold, and not to flaws in the title. That such is its scope and purpose, only appears by comparing it with other sections with which it is associated and which immediately precede it. Section 2651, in the absence of an express warranty,

implies in all cases (unless expressly or from the nature of the transaction excepted) that the seller warrants, 1st, that he has a valid title and right to sell; 2nd, that, the article sold is merchantable and reasonably suited to the use intended; and 3d, that he knows of no latent defect undisclosed. The failure to remember at the moment the distinction here so clearly pointed out between defects in the quality or condition of the thing sold and the title thereto, is, we doubt not, the cause of the error here pointed out, and which we are satisfied the judge delivering the opinion would have been the first to correct had his attion been called to it. But it was not at all essential to the judgment in that case, for which alone this court is responsible, and to which the court assented, to pass upon and determine this question. The plaintiff had a verdict for a breach of a general warranty of title, for defects which were known to the purchaser, and the judgment refusing to set aside that verdict and to grant a new trial was affirmed by this court.

There was no error in the rulings and charges, or in the refusal of the city court to charge as requested in writing by the defendant, of which he can complain, and the verdict returned against him was in conformity to law, and should stand.

Judgment affirmed.