## GODWIN *v.* MAXWELL.

1. Where one by warranty-deed conveys to another all of a certain lot of land in this State, particularly designating the same by number and district, the vendor is liable on his warranty for any fatal defect in his title to any portion of such lot; and this is true notwithstanding the line between such vendor and a coterminous landowner may have previously been so established or agreed upon as to locate the line in such a way that there was cut off to the adjacent landowner a portion of the lot embraced in the warranty-deed.

2. Under the facts in this case, there was no error in giving in charge to the jury sections 3614 and 3615 of the Civil Code.

Argued November 17, — Decided December 15, 1898.

Action for breach of warranty.　Before D. H. Pope, judge pro hac vice.　Mitchell superior court.　January 31, 1898.

J. H. Scaife and Donalson & Hawes, by Harrison & Bryan, for plaintiff in error.　Sam. S. Bennet, contra.

SIMMONS, C. J.　Godwin sold to Maxwell lot of land number 143 of the 11th district of Mitchell county, containing 250 acres more or less.　The agreement was, that Maxwell should borrow from Chason the money necessary to pay for the land, and that the deed was to be made by Godwin to Chason, who would quitclaim to Maxwell upon the repayment of this money. Godwin made to Chason a warranty-deed to the land, Maxwell repaid Chason, and the latter gave Maxwell a quitclaim deed. Maxwell went into possession, and ascertained that some twenty acres of the land were in the possession of Mrs. McElvin.　Processioners were appointed to run the line between Maxwell and Mrs. McElvin, and it appeared from their report that Maxwell was entitled to the twenty acres.　This report was objected to by Mrs. McElvin, and on the trial of the objections the jury found that a new line had been agreed upon by the prior coterminous proprietors, Godwin and McElvin, and established as the true line between the two tracts of land.　This line was so established by the jury, or the judgment of the court upon their verdict, and Maxwell's land was thereby diminished by twenty acres.　Godwin had knowledge of this proceeding. Maxwell brought his suit against Godwin for a breach of warranty.　On the trial of the case there was a dispute between Maxwell and Godwin as to the line pointed out to Maxwell by Godwin, pending negotiations for the purchase of the land by the former.　The jury, under the evidence and the charge of the court, found that there was a breach of the warranty, and assessed damages against Godwin.　He made a motion for a new trial.　This the court overruled, and Godwin excepted.

The main contention of counsel for the plaintiff in error was that the trial judge erred in giving in charge to the jury sec-

tions 3614 and 3615 of the Civil Code, which are as follows: "A general warranty of title, against the claims of all persons, includes in itself covenants of a right to sell, and of quiet enjoyment, and of freedom from incumbrances. A general warranty of title in a deed, against the claims of all persons, covers defects in the title though known to the purchaser at the time of taking the deed." In the present case it was not error to give these sections in charge to the jury. Godwin made to Maxwell's grantor a deed containing a general warranty of all of lot 143, in a certain district of Mitchell county; and, under these sections and the decisions of this court from which they were taken, that warranty included the whole of the original lot number 143. If Godwin had, prior to the giving of the warranty, agreed with the coterminous proprietor that the line of this particular lot should be so changed as to diminish the lot by twenty acres, he should have excepted these twenty acres from the warranty. It was immaterial, under this warranty-deed, what line was pointed out to Maxwell. He may have known at the time he purchased that these twenty acres of the land had been already disposed of by Godwin, and still been protected by the warranty. In the case of *Smith* v. *Eason,* 46 *Ga.* 316, which was a suit upon a promissory note, the defense was based on a breach of a written contract by which the plaintiff had agreed to make titles to a certain tract of land within certain specified boundaries. The plaintiff replied that the contract had failed, that, before the bond was made, he had, with the knowledge of the defendant, sold a part of the land to another person. The amount of the land so sold was in dispute, but was small, and the plaintiff contended that it was covered by the words "more or less." McCay, J., said: "Were the deficit merely a deficit of land within the boundaries, this might be true. If it were an error in estimate, if the number of acres could be treated as mere description, this rule might apply. But here is a failure of title to a certain fixed area within the boundaries. The land is there—there are acres a plenty—but the vendor does not own them. We do not think the flexibility of the words 'more or less' can cover such a case. Nor can parol evidence contradict the deed.

The fact that the defendant knew the land had been sold is not, of itself, a reply to the express words of the bond. Men often take warranties, knowing of the defects in the title. The very object of the warranty is often to meet known defects." This decision was approved in the case of *Miller* v. *Desverges*, 75 *Ga.* 407, where Hall, J., in discussing the law now embraced in section 3614 of the Civil Code, said : "There is no express exception here to the effect that such a warranty will not cover liens or defects of title known to the vendee, unless it is shown that the parties intended it should do so. Nor can such intention be established by parol proof contradicting the plain words of the deed." The law now embraced in section 3615 has been added since that time. In the present case it was shown that the twenty acres adjudged to be the property of Mrs. McElvin had belonged originally to lot number 143, and that the vendor had given a general warranty embracing the whole of that lot. The court, therefore, did not err in refusing to grant a new trial. *Judgment affirmed. All the Justices concurring.*