Thomson, P. J.
This action was brought by appellant to recover from appellee damages for breach of covenants of *311 warranty, and to discharge and cancel his indebtedness for a portion of the purchase price of the property, the title to which was warranted.
By his deed, executed on the 16th day of February, 1895, the defendant conveyed to the plaintiff a tract of land in Eagle county* and, as appurtenant to the land, all his right, title and interest in two irrigating ditches, called Murphy No. 1 and Murphy No. 2, as shown in book 36, at page 290, of the records of Eagle county; and covenanted that he was well seized of the premises as of a good, sure, perfect, absolute and indefeasiblé estate, and that the same were free and clear from all former grants, bargains, sales and liens', of whatever kind or nature, except a deed of trust to Kirk H. Field.
The complaint avers that, at the date of the conveyance, the defendant was not so seized of the ditches and water rights, and had not lawful authority to sell or convey the same; but that theretofore, on the 23rd day of February, 1895, he had conveyed substantially all the water rights to one Denaney, who thus obtained, and ever afterwards held, full possession of the same, excluding the plaintiff therefrom," and every part thereof, so that the plaintiff never had the possession or enjoyment of any part of the water rights conveyed. The complaint also alleged that the consideration of the conveyance was $1,000, for the unpaid balance of which he made and delivered to the defendant his two promissory notes, one for $200, due in one year, and one for $250, due in eighteen months, secured by a trust deed upon the premises; that, without the use of the water, the land was practically valueless; that, by direction of the defendant, the land had been advertised for sale under the trust deed, and that the defendant was insolvent. Judgment for $1,000 damages was prayed; also a decree for the cancellation of the notes and trust deed, and *312 a temporary injunction restraining the sale of the land under the trust deed, until the further order of the court. The records of Eagle county, as appearing in book 36, at page 290, showed a decree adjudicating the water rights belonging to the two ditches, of which the defendant was then the owner. To Murphy ditch No. 1 was awarded 1.6 cubic feet of water per second, and to Murphy ditch No. 2, 2 cubic feet of water per second, the whole amounting to 3.6 cubic feet of water per second. This, therefore, was the amount of water which the defendant undertook to convey by his deed. The deed from the defendant to Denaney conveyed 3 cubic feet of water per second, leaving only six-tenths of 1 cubic foot per second for the plaintiff.
The court made a finding of the facts, in which the .foregoing appears; but there was some evidence tending to show that, before his purchase, the plaintiff was informed by outside parties that the defendant had parted with his title to the water; and upon that evidence the court made a further finding that he took the land with knowledge of the defendant’s want of title to the water, and, therefore, was not deceived. Upon this finding the court dismissed the case at plaintiff’s costs.
The cause of action was not based upon fraudulent practices of the plaintiff. The suit was for breach of covenant. If there was such breach — and that there was seems to admit of no doubt — the plaintiff was entitled to relief, the nature and extent of which it was the duty of the court to determine from the evidence. In turning the plaintiff out of court on the ground that, if the defendant was guilty of fraud, the plaintiff was not deceived by it, the court made a finding, and gave a judgment, upon a case which was not before it.
The judgment must be reversed.

Reversed.