### 14581.  CUMMINGS *v.* FLEMING & HINES.

Under the agreed statement of facts, the court did not err 'in finding in favor of the plaintiffs, who sued for a part of the price paid by them to the defendant for a city lot which he had conveyed to them by warranty deed, the defendant having by a prior deed, which was on record at the time of the sale to the plaintiffs, conveyed a part of the same land to the city as an alley.

DECIDED JULY 10, 1923.

Complaint; from city court of Bainbridge — Judge Spooner. April 9, 1923.

Fleming & Hines brought suit against P. S. Cummings for an abatement of the purchase-price of a certain tract of land. The case was submitted to the court (sitting, by consent, without the intervention of a jury) upon the following agreed statement of facts: " The petitioners, on December 5, 1919, purchased from the defendant the following described tract of land, to wit: all that certain lot in the City of Bainbridge, in Decatur county, Georgia, bounded on the north by Broughton street, on the east by H. B. Ehrlich & Company, on the south by Troup street, on west by West street, the premises being 73 feet wide, more or less, east and west, and 204 feet long, more or less, north and south, said sale being by the tract; for which said tract of land the petitioners paid the defendant, P. S. Cummings, the sum of $13,000; and the defendant executed and delivered to petitioners his warranty deed to said tract of land, the said deed being dated December 5, 1919, and recorded on the 7th day of January, 1920, in Deed Record Book Z-3, page 6, records of Decatur county, Georgia; a true and correct copy of the said deed is set out in Exhibit A to the amendment of the plaintiffs' petition, allowed and filed on April 2, 1923. Prior to the sale of the said tract of land by the defendant to petitioners, the defendant had conveyed to the City of Bainbridge the following portion of said tract of land, to wit: all that strip of land beginning at a point 114 feet due north from the intersection of West and Troup streets, and running north ten feet, said alley thence extending 70 feet due east, the northern line of said alley being 80 feet from the intersection of Broughton and West streets, and running parallel with Broughton street, and the southern line of said alley being 114 feet from Troup street, running parallel with

Troup street; the said conveyance to the City of Bainbridge being by deed dated May 12, 1917, and recorded on the 24th day of August, 1917, in Deed Record Book T-3, page 107, records of Decatur county, Georgia, a true and correct copy of which deed is set out in Exhibit B of the amendment to plaintiffs' petition allowed and filed on April 2, 1923. The City of Bainbridge had accepted said conveyance and refused to allow the petitioners to take possession of the alley conveyed. At the time the petitioners purchased from the defendant the defendant did not acquaint the petitioners with the fact of such conveyance to the City of Bainridge. After discovering that the defendant, prior to his conveyance to petitioners, had conveyed a portion of said tract of land to the City of Bainbridge, the petitioners on the 7th day of May, 1920, demanded of the defendant that he return to them such proportion of the purchase-money paid for the tract of land which they purchased from the defendant as that portion of said tract of land previously conveyed by the defendant to the City of Bainbridge bears to the whole tract of land conveyed by the defendant to petitioners." It is agreed that " if the petitioners are entitled to recover from the defendant, they are entitled to recover the sum of $637.25, besides interest thereon at the rate of 7 per cent. per annum from the 7th day of May, 1920."

The court rendered a judgment in favor of the plaintiffs for the full amount sued for, and the defendant excepted.

*Hartsfield & Conger,* for plaintiff in error, cited: Civil Code (1910), § 4122; *Land Trust Co.* v. *Morgan,* 22 *Ga. App.* 388; *Kendall* v. *Wells,* 126 *Ga.* 343; *Georgia R. Co.* v. *Hamilton,* 59 *Ga.* 171; *Clark* v. *Adams,* 29 *Ga. App.* 496; *Baker* v. *Corbin,* 148 *Ga.* 267.

*W. O. Fleming, J. C. Hale,* contra, cited: Civil Code (1910), §§ 4136, 4194-5, 4400, and the cases cited in the following opinion.

BROYLES, C. J. (After stating the foregoing facts.) In our opinion the trial court properly decided the case. See, in this connection, Civil Code (1910), §§ 4136, 4194, 4195; *Smith* v. *Eason,* 46 *Ga.* 317 (1, 2); *Godwin* v. *Maxwell,* 106 *Ga.* 194 (32 S. E. 114); *Foute* v. *Elder,* 109 *Ga.* 713 (1, 2) (35 S. E. 118); *Lowery* v. *Yawn,* 111 *Ga.* 61 (36 S. E. 294); *Oliver* v. *Holt,* 141 *Ga.* 126 (80 S. E. 630).

The authorities cited by counsel for the plaintiff in error, to the effect that, where the sale of land is by the tract, and the quantity is specified as "more or less," a deficiency in the amount of the land sold cannot be apportioned, unless the purchaser shows actual fraud on the part of the seller, are not applicable to the particular facts of this case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*