# VAN COTT v. JACKLIN.

No. 4077.   Decided April 2, 1924.   Rehearing denied May 29, 1924.
(226 Pac. 460.)

1. COVENANTS—OF GENERAL WARRANTY AND QUIET ENJOYMENT, RUN WITH LAND. Covenants of general warranty and for quiet enjoyment run with land.

2. EVIDENCE—DEEDS MAY NOT BE CONTRADICTED OR VARIED BY PAROL. Deeds may not be contradicted, varied, or added to by parol.

3. COVENANTS—WARRANTIES MAY BE RELIED UPON AS AGAINST APPEARANCES AND VERBAL STATEMENTS TO CONTRARY. Warranties of a deed under Comp. Laws 1917, § 4881, may be relied upon by purchaser as against outward appearances and as against verbal statements to contrary.

4. COVENANTS—VENDOR UNDER WARRANTY DEED HELD LIABLE NOTWITHSTANDING PURCHASER'S KNOWLEDGE OF BOUNDARIES Grantor under warranty deed *held* liable for loss of small portion of land from which grantee was excluded, notwithstanding grantee at time of purchase saw boundaries and knew that land from which he was subsequently excluded was without same.

5. COVENANTS—DAMAGES FOR LOSS OF PART OF LAND CONVEYED UNDER GENERAL WARRANTY, STATED. The measure of damages for the loss of part of land conveyed under general warranty is the proportionate part of purchase money and costs incurred by the grantee in defending his rights, including reasonable attorney's fees.

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

Action by Harold Van Cott against Enos W. Jacklin. Judgment for defendant, and plaintiff appeals.

REVERSED and remanded, with directions.

*Ray Van Cott*, of Salt Lake City, for appellant.

*D. W. Moffat*, of Murray, for respondent.

FRICK, J.

In January, 1921, plaintiff commenced this action in the district court of Salt Lake county against the defendant to recover damages for an alleged breach of the covenants of warranty and for quiet enjoyment.

The plaintiff, in his complaint, sets forth the necessary facts respecting the conveyance of certain real estate by the defendant to one Christopherson and the conveyance of said real estate by said Christopherson to the plaintiff; the covenants of warranty and the breach thereof; the eviction of plaintiff from a part of the premises conveyed, and the damages including costs and attorney's fees, incurred by plaintiff in attempting to sustain the title to the real estate referred to. The defendant, in his answer, admitted the deeds of conveyance and the covenants of warranty and for quiet enjoyment as alleged, but denied the alleged breach thereof, and, as an affirmative defense, in substance averred that the area in question, although included within the deed from the defendant to Christopherson, and from which plaintiff alleged he was evicted, nevertheless, was not owned by the defendant for the reason that the same was taken off from the land conveyed by a long-established boundary line which existed between the land conveyed to the plaintiff and the land of one A. J. Casper, a neighbor of defendant, and that said boundary line was plainly marked upon the ground and was by plaintiff known to exist at the time he purchased the land and received the deed therefor and went into possession of the land. In this connection it should be stated that the area in question in this action was the subject of litigation in a cer-

tain action commenced by the plaintiff herein against the Casper aforesaid and in which action it was adjudged that by reason of the established boundary line aforesaid the small portion of land in dispute belonged to Casper and not to the plaintiff as contended by him, and judgment was accordingly entered against the plaintiff, and he was evicted from, or, rather, was not permitted to possess himself of or to use the small area in dispute. For a full statement of the facts and for a plat showing the precise area in dispute we refer the reader to the case of *Van Cott* v. *Casper,* 53 Utah, 161, 176 Pac. 849. By reference to the opinion in that case the area that was there in dispute and from which plaintiff was excluded will clearly appear.

This case was tried to the court without a jury. The court, after finding that the deeds containing the covenants as aforesaid were duly executed and delivered—the bringing of the action as before stated—that the plaintiff had duly notified the defendant of the pendency of said action and called upon him to defend the title as warranted by him, further found that prior to the time that plaintiff purchased the land described in said deed he (the plaintiff) had examined the land and the boundaries thereof and saw and knew where said boundaries were located and marked upon the ground; that the court, in the former action in its decree, "fixed and determined the boundary to the lands" in question, etc. As conclusions of law the court found that the "plaintiff is not entitled to recover any damages whatsoever from the defendant; that the plaintiff is estopped to claim any loss or damage or costs because of the alleged discrepancy between the deed of conveyance and the boundary line as located upon the ground"; and that the action should be dismissed. Judgment was duly entered dismissing the action, from which plaintiff appeals.

The errors assigned are numerous, and plaintiff assails the findings of fact, the conclusions of law, and the judgment, and also insists that the court erred in the admission of certain evidence over plaintiff's objections and exceptions. It is not necessary to refer specifically to the assignments of

error except to state that they are sufficient to raise the questions of law that are hereinafter discussed.

The deed in question here was made and executed in accordance with the form provided by our statute (Comp. Laws Utah 1917, § 4881). That section also defines the legal effect of such a deed. It is provided:

"Such deed, when executed as required by law, shall have the effect of a conveyance in fee simple to the grantee, his heirs, and assigns, of the premises therein named, together with all the appurtenances, rights and privileges thereto belonging, with covenants from the grantor, his heirs, and personal representatives, that he is lawfully seized of the premises; that he has good right to convey the same; that he guarantees the grantee, his heirs, and assigns in the quiet possession thereof; that the premises are free from all incumbrances; and that the grantor, his heirs, and personal representatives will forever warrant and defend the title thereof in the grantee, his heirs, and assigns, against all lawful claims whatsoever. Any exceptions to such covenants may be briefly inserted in such deed following the description of the land."

The covenants of general warranty and for quiet enjoyment are covenants running with the land. *Wesco* v. *Kern,* 36 Or. 433, 59 Pac. 548, 60 Pac. 563. The law in that regard is correctly and very tersely stated in 7 R. C. L. p. 1141, § 54, in the following words:

"The covenant for warranty and that for quiet enjoyment are, in the main, identical, since the same occurrence of circumstances is necessary to their breach. They equally possess the capacity of running with the land, and the rule of damages is the same in both."

While there is some diversity among the courts respecting the legal effect of other covenants usually found in deeds containing covenants of warranty, yet practically all of the decisions of the courts of England and of this country support the text above quoted relative to the legal effect of covenants of warranty and for quiet enjoyment.

The question therefore is: Can the judgment of the district court be sustained in the face of the fact that the covenants of warranty and for quiet enjoyment are admitted and the further fact that it is conceded that plaintiff was excluded from a small area of ground which is included within the description of the land conveyed by the deed of conveyance

and is covered by the covenants of warranty and for quiet enjoyment? Further, what effect, if any, can be given to the finding of the court that the boundary lines of the parcel of land in question were seen by the plaintiff when he purchased the land and that the small area in question was outside of such boundary lines?

As every lawyer well knows, the law is well settled that deeds, like all other written instruments, may not be contradicted, varied, or added to by parol. While that is not precisely what was attempted in this case, in the form just stated, yet limiting plaintiff's rights to the boundary lines as they appear upon the land is in legal effect the same as though the defendant had been permitted to vary the terms of the written description of the lands conveyed by him and to withdraw the small area in dispute from the effect of his covenants of warranty and for quiet enjoyment. The foregoing covenants are inserted in deeds of conveyance for the protection of the purchaser as against any defect of title and he has a right to rely on the deed as written as against outward appearances or even as against verbal statements to the contrary. The law is well stated in Maupin, Marketable Title to Real Estate, at page 335, thus:

"The covenant of warranty is intended as much for the protection of the purchaser against known defects of title as against those which are latent and unknown. It is, therefore, no defense to an action on the covenant that the purchaser knew, at the time it was taken, that there was an adverse claim to the land."

In *Tallmadge* v. *Wallis*, 25 Wend. (N. Y.) 115, the reason for the rule is well stated by Chancellor Walworth in the following words:

"It is a well-known fact that land is frequently conveyed with general warranty, which is warranty against eviction only, when both parties to the sale perfectly understand that the title is doubtful, or that there is some outstanding contingent interest, which may, perhaps, at a future period be the means of evicting the purchaser; and to protect the purchaser and enable him to recover against the vendor in case of eviction, the covenant of warranty is inserted in the deed."

In *Wright* v. *Nipple*, 92 Ind. 310, it is held that in an action for breach of the covenant of warranty an answer setting up the fact that by mutual mistake more land was in-

cluded in the deed than was intended stated no defense. It was there held that if such was the case an action to reform the deed was the proper and only remedy and that so long as the deed remains in the form as written the covenants continued in full force and effect. If that be the law, how, under the undisputed facts in the instant case,     3 can the defendant escape from the consequences of his covenants of warranty and for quiet enjoyment? Manifestly, if it shall be held that covenants of warranty and for quiet enjoyment are not merely a formulæ of words without force or effect the defendant is bound by his covenants. The following, among other numerous cases that might be cited, will be found directly in point: *Smith* v. *Eason,* 46 Ga. 316; *Miller* v. *Desverges,* 75 Ga. 407; *Godwin* v. *Maxwell,* 106 Ga. 194, 32 S. E. 114; *Coleman* v. *Lucksinger,* 224 Mo. 1, 123 S. W. 441, 26 L. R. A. (N. S.) 934; *Barlow* v. *Delaney* (C. C.) 40 Fed. 97; *Bailey* v. *Murphy,* 19 Colo. App. 310, 74 Pac. 798; *Miller* v. *Bayless,* 101 Mo. App. 487, 74 S. W. 648; *Batterton* v. *Smith,* 3 Kan. App. 419; *Abernathy* v. *Boazman,* 24 Ala. 189, 60 Am. Dec. 459.

In *Smith* v. *Eason,* supra, after discussing a situation somewhat similar to the one in the instant case where the question of boundary was in issue, the court said:

"But here is a failure of title to a certain fixed area within the boundaries. The land is there—there are acres a plenty—but the vendor does not own them. We do not think the flexibility of the words 'more or less' can cover such a case. Nor can parol evidence contradict the deed. The fact that the defendant knew the land had been sold is not, of itself, a reply to the express words of the bond. Men often take warranties, knowing of the defects in the title. The very object of the warranty is often to meet known defects."

The case of *Godwin* v. *Maxwell,* supra, also presents features similar to those in the case at bar. In the course of the opinion in that case the court said:

"Godwin made to Maxwell's grantor a deed containing a general warranty of all of lot 143, in a certain district of Mitchell county; and, under these sections and the decisions of this court from which they were taken, that warranty included the whole of the original lot No. 143. If Godwin had, prior to the giving of the warranty, agreed with the coterminous proprietor that the line of

this particular lot should be so changed as to diminish the lot by twenty acres, he should have excepted these twenty acres from the warranty."

In *Miller* v. *Desverges,* supra, it is held that "parol proof contradicting the plain words of a deed" is not admissible. In that case, as in this, there was a discrepancy between the quantity of land described in the deed and the land obtained by the purchaser, and it was held that the vendor was liable upon his warranty for the additional land.

In *Barlow* v. *Delaney,* supra, after speaking of the legal effect of the covenant of warranty in a deed of conveyance, it is said:

"It may be stated generally that the claim of complainants is that a covenant in a deed from Mrs. Boyce has been broken, and this bill is filed to recover on account of that breach. It is, in the first place, insisted by defendants that there is no equity in the bill, because the extent of Mrs. Boyce's title was disclosed by the public records, of which complainants' ancestor, Mr. Barlow, was charged with notice. In other words, the claim is that a covenantee cannot recover of the covenantor for breach of covenant if at the time of the execution of the covenant he knows of the defect covenanted against. A statement of this proposition carries its own answer. The very purpose of the covenant is protection against defects; and to hold that one can be protected only against unknown defects would be to rob the covenant of more than one-half its value, besides destroying the force of its language. If from the force of a covenant it is desired to eliminate known defects, or to limit the covenant in any way, it is easy to say so. General in its language it reaches to all defects within its terms, known or unknown."

The foregoing excerpts clearly show the trend of the decisions, all of which run counter to the holding of the district court in the instant case. In view of the authorities we are forced to the conclusion, and so hold, that under the conceded facts the defendant is liable upon his warranty. Before leaving this subject, however, we desire to add that by anything we have said we do not wish to be understood as passing upon the question of liability of a covenantor in 4 case there is an open water ditch or private right of way over lands which are the subject of warranty. Where such is the case, it is evident that such things constitute easements and are covered by the warranty against incumbrances.

The decisions as to the effect of such covenants in case there are easements which are open and visible, or are known to the purchaser before he purchases, are not uniform, and for that reason, as well as for the reason that the question is not necessarily involved, we express no opinion upon the subject.

The next question is what is the measure of damages in a case where there is an eviction from only a part of the land covered by the warranty? While, for the reason that the case was determined upon the other question just considered, the question of damages was not considered by the district court and therefore, ordinarily, we should not consider it, yet, in view that the judgment must be reversed and the cause remanded for a new trial, under our statute we are required to determine that question as a guide to the court upon the retrial.

The general rule which prevails in cases where there is only a partial eviction is clearly stated in 11 Cyc. 1172, in these words:

"The rule as to the measure of damages upon the loss of part of the land conveyed, as most usually expressed, is that the measure of damages is such proportional part of the consideration money paid as the value of the land to which title fails bears to the whole land with interest and costs. The value of the part lost with interest has also been said to be the proper measure of damages, as has the actual damage resulting from the eviction—not exceeding the consideration paid—interest, and expenses of suit. Where land is sold by the acre or front foot, the purchase price per acre or front foot of the part lost is the measure of damages."

The cases in support of the foregoing text are collated at pages 1163 and 1172 of 11 Cyc., to which authorities we refer the reader.

It will be seen from the above quotation that the plaintiff, in an action for breach of covenant, is also entitled to "costs." There is some conflict among the courts, however, with respect to what is included within the term "costs." Practically all agree, however, that the term "costs" includes the court costs that are usually taxed against the losing party. There are, however, a large number of decisions; indeed the weight of authority is to the effect that the term "costs" in actions of this kind includes more than merely the costs that

are ordinarily allowed against the losing party. In many of the cases it is held that the term "costs" includes reasonable attorney fees which the plaintiff was required to pay or for which he has become legally obligated in maintaining or in defending the title to the premises conveyed. The authorities are, however, in hopeless conflict upon the question of when and upon what conditions a covenantee may recover attorney fees against his vendor. In some jurisdictions it is held that the former is entitled to recover attorney fees as a matter of course to compensate him for the costs incident to the defense of the title. In other jurisdictions it is held that he can recover such compensation only in case he has notified the covenantor of the pendency of the action in which such fees are incurred so that the latter could have defended the title. In still other jurisdictions it is held that he may recover only after such notice and then only such reasonable fees that he has paid or has become legally obligated to pay to his attorney, while in a few jurisdictions the recovery of both court costs and other fees is denied. In the case at bar the district court found, and the finding is not assailed, that the defendant was notified of the pendency of the action, and hence the question of recovery without service of such notice is not involved. In a number of well-considered cases hereinafter referred to it is held that, where notice in some form has been given to the covenantor that the covenantee's title is being assailed or disputed and that an action is pending either for the purpose of obtaining possession or to defend the possession and title of the premises covered by the covenant, the covenantee may recover à reasonable sum as attorney fees provided he has paid the fees or has become and is legally obligated to pay the same. In no event, however, may he recover attorney fees unless he has paid them or has become obligated to pay the same and then only such an amount as the court or jury may find to be a reasonable fee for the services rendered. Some of the courts hold that the covenantee is entitled to recover the court costs that he has paid or is legally bound to pay and in some special instances some other items are allowed. The latter items are, however, not involved in this case, and hence no reference thereto is nec-

essary.  See *Harding* v. *Larkin,* 41 Ill. 420; *Walsh* v. *Dunn,* 34 Ill. App. 146; *Swartz* v. *Ballou,* 47 Iowa, 188, 29 Am. Rep. 470; *Ryerson* v. *Chapman,* 66 Me. 557; *Long* v. *Wheeler,* 84 Mo. App. 101; *Hazelett* v. *Woodruff,* 150 Mo. 534, 51 S. W. 1048; *Walton* v. *Campbell,* 51 Neb. 788, 71 N. W. 737; *Charman* v. *Tatum,* 54 App. Div. 61, 66 N. Y. Supp. 275; *Cullity* v. *Dorffel,* 18 Wash. 122, 50 Pac. 932.  The foregoing cases clearly show the trend of the decisions upon the question before stated.  The rule is perhaps as well stated in the case of *Harding* v. *Larkin,* supra, which is followed and quoted from in *Walsh* v. *Dunn,* as anywhere, and we take the liberty of quoting an excerpt from that case as the same appears in *Walsh* v. *Dunn:*

"A person in possession yields to what he supposes to be a paramount title at his peril.  Holding a covenant from his grantor, that he will warrant and defend the title, it would seem under the law that the covenantee may defend for him, and in fact in some cases must defend for him, and when he in good faith has done so, the taxable costs and attorney's fees paid in such defense may be reasonably considered and regarded as a portion of the consideration paid for the title.  It is paid to maintain what the grantor has affirmed by his covenant to be a perfect title.  It would seem, therefore, that the covenantee should be entitled to recover the taxable costs and reasonable attorney's fees paid in defending the ejectment suit by which they were evicted."

After quoting the foregoing the court, in *Walsh* v. *Dunn,* makes the following observation:

"So in the case at bar, by parity of reasoning, where the covenantee in good faith and after notice to his grantor (covenantor), under like covenants in the conveyance, seeks to obtain possession of that for which he had paid his money, relying upon such covenants, upon neglect and refusal of his grantor to put him in possession, he should have the right to institute proceedings to obtain such possession, and being cast in such suit for want of title in his grantor, should be allowed to recover taxable costs and reasonable attorney's fees incurred in prosecuting such suit.  Otherwise the purchaser is at the mercy of the seller in cases where possession does not accompany the conveyance, or is compelled to obtain the possession at his own expense and costs, and that, too, in the very teeth of the covenants in the deed."

We refrain from quoting from the other cases, but will only refer the reader to them and to those therein cited.

In view of the great weight of authority, therefore, we feel constrained to hold that in addition to the damages which we have discussed on the first proposition the plaintiff is also entitled to recover such reasonable sum as attorney fees as he may have paid or has become legally obligated to pay together with the costs before referred to.

In view of what has been said it follows that the judgment should be, and it accordingly is, reversed, and the cause is remanded to the district court of Salt Lake county with directions to grant the plaintiff a new trial and to proceed with the case in accordance with the views herein expressed; plaintiff to recover costs on appeal.

GIDEON, THURMAN, and CHERRY, JJ., and WOOLLEY, District Judge, concur.

WEBER, C. J., did not participate herein.