154

No. 32,332

M. D. Bryant, *Appellee*, v. May S. L. Clements et al., Phoenix
Mutual Life Insurance Company, *Appellant*.

(46 P. 2d 7)

Opinion
filed June 8, 1935.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for
the appellant.

*J. W. Dalton,* of Sedan, for the appellee.

The opinion of the court was delivered by

Burch, J.: A purchaser of land from the holder of a void tax
deed commenced an action to obtain possession of the land because
of default of the landowner to satisfy a judgment previously ren-
dered for the amount of the taxes, or for other relief which would
secure satisfaction of the previous judgment. A demurrer to the
petition was overruled, and the present owner of the land appeals.
For convenience, the successor in interest to the tax-deed holder will
be regarded as tax-deed holder.

M. S. Lockwood, now May S. L. Clements, owned the land and
suffered it to go to tax deed issued to W. A. Gray on September 2,
1919. Gray conveyed to M. D. Bryant. A mortgage on the land

was foreclosed, and a sheriff's deed was issued to the Phoenix Mutual Life Insurance Company on March 19, 1934. On September 4, 1934, Bryant commenced an action against Clements and the life insurance company, the general nature of which has been indicated.

The petition disclosed that in the year 1920 Bryant commenced an action against Lockwood to recover possession of the land and to quiet his title. A copy of the journal entry of the judgment in that. action was made a part of the present petition and contains the following:

"It is further ordered and adjudged that the said tax deed as referred to in plaintiff's amended petition is void upon its face and that the plaintiff has no right, title or interest in or to said real estate referred to in plaintiff's petition.

"Thereupon the plaintiff asked that he have judgment against the defendant, M. S. Lockwood, for the amount of taxes, interest, penalties and costs specified in said tax deed, with interest thereon at the rate of twelve (12%) percent per annum from the 2d day of September, 1919, and for the further sum of ninety-six and 50/100 ($96.50) dollars, with interest thereon at the rate of twelve percent (12%) per annum from November 1, 1919, being for the taxes paid on November 1, 1919.

"It is therefore here and now considered, ordered and adjudged that the plaintiff, M. D. Bryant, have judgment against the defendant, M. S. Lockwood, for the sum of five hundred thirty-five and 90/100 ($535.90) dollars, together with the costs of this suit taxed at sixteen and 30/100 ($16.30) dollars, making a total sum of five hundred fifty-one and 20/100 ($551.20) dollars, and that upon the payment of said sum to the clerk of said court, the said plaintiff shall be forever barred from asserting any right, title or interest in or to the following described real estate: [description]."

No appeal was taken from that judgment and it became final in 1920. The present petition contains the following allegations:

"That no part of said sum ordered to be paid in accordance with said journal entry has been paid, and that this plaintiff is entitled to recover from the said defendants said sum so adjudged to be due this plaintiff under the occupying-claimant's law, or in the alternative, should be put into possession of said real estate until said sum is paid."

The prayer of the petition reads:

"Wherefore, the premises considered, plaintiff prays that he be adjudged to be entitled to the possession of the real estate herein described until the sum of $535.90, together with legal interest thereon, be paid, and that the court make such other and further equitable orders as may be just and necessary to preserve the rights of this plaintiff under the occupying-claimant's law."

In 1920, while out of possession, Bryant commenced an action to obtain possession, and was defeated. There is no allegation in the

petition that he subsequently obtained possession. He is now suing for possession. What application the occupying-claimant law has to the case is not explained in Bryant's brief. It has no application, and so far as relief was predicated on the occupying-claimant law, the demurrer should have been sustained.

Aside from relief under the occupying-claimant law the only relief prayed for was possession of the land.

In an action for possession finally determined in 1920 Bryant was denied possession. Since the tax deed was void on its face he had no possessory estate, and he was not granted possession as a means of securing payment of taxes. He does not now contend he has a possessory estate. What he asks is that the landowner be ousted, and that he be put in possession until the amount of his judgment for taxes shall be paid. There is no statute authorizing employment of such a drastic method of enforcing payment of taxes, and Bryant has no more right to a judgment for possession now than he had in his first action, in which possession was denied. The statute prescribing remedy of a tax-deed holder merely provides that if he is in possession when judgment is rendered nullifying his tax deed he may remain in possession until the supplementary judgment establishing the amount of taxes he has paid is satisfied. (R. S. 79-2506.) If the tax-deed holder is out of possession he can have no more than a lien, and there is no common law of liens which authorizes a court to oust the landowner and put the lienholder in possession until the landowner pays. The result is, that so far as remedy by award of possession is concerned, the demurrer should have been sustained.

The foregoing disposes of the case made by the petition, which is all the district court had before it, and all this court has before it.

While the occupying-claimant law, and no other, was referred to in the statement of cause of action in the petition and in the prayer, Bryant now says that statute was "inadvertently" invoked. If the reference in the petition to the occupying-claimant law be disregarded, what relief, other than being put in possession, may Bryant have under his petition?

This is not an initial action by a tax-deed holder to obtain possession, in which validity of the tax deed may be adjudicated, and if the tax deed be held void, provision may be made with respect to reimbursement for taxes paid. An action of that kind was commenced, tried and finally determined, and Bryant was obliged to

make the judgment in that action the foundation of the present action. Otherwise, the present petition would confess former adjudication, and a plea of former adjudication would be sustained as a matter of course.

In the first action Bryant submitted to judgment declaring his tax deed void, and then made ·a specific request. He requested that he be given judgment against Lockwood for the amount of taxes paid, with interest and costs, and nothing else. The court gave him judgment against Lockwood for taxes paid, with interest and costs, and nothing else. He did not ask that the judgment be made a specific lien to be enforced by sale of the land, and no such lien was given. Again Bryant acquiesced, and the judgment became a final determination of the rights of the parties to the action. Some fourteen years later Bryant asked the court to do something whereby he could be benefited by the judgment.

Bryant suggests he probably could not have enforced the judgment by simple execution. Because of the peculiar nature of the judgment in fact rendered this court thinks otherwise; but the subject is not material. If the present action is well founded, Bryant could have commenced a similar action within five years. Not having done so, the present action was barred by the sixth subdivision of R. S. 60-306.

Bryant contends the general statute of limitations has no application, and cites the case of *Coonradt v. Myers*, 31 Kan. 30, 2 Pac. 858. In that case the question was whether a defeated tax-deed holder could recover all taxes he had paid, or whether recovery was limited to those advancements which had been made within three years previous to commencement of suit. The court properly held the general statute of limitations relating to action on contract, express or implied, and to action to enforce a liability created by statute, did not apply, because the tax-deed holder had no cause of action to recover any taxes until his tax title was adjudged to be defective.

Bryant cites the following from the opinion in the case of *Russell v. Hudson*, 28 Kan. 99:

"Under the statutes of Kansas, all taxes upon real property, with all proper penalties, charges and interest thereon, are liens upon such real property, from the time when they first accrue thereon until they are finally 'paid by the owner of the property, or *other person liable to pay the same.*'" (p. 100.)

The portion of the opinion between quotation marks was taken

from the tax law then in force, and now R. S. 79-1804. When, however, the claimants have gone into court, and have procured an adjudication of their rights, interests and liabilities, the judgment controls:

In the opinion in *Russell v. Hudson,* the court further said:

"These liens may be determined and declared by the district court in an action of ejectment, whether the action is commenced by the party holding the tax deeds or by the party claiming adversely thereto." (p. 101.)

When a tax-deed holder has brought his action for possession, has been defeated, has procured ascertainment of amount of taxes, and has secured all the relief he asked for with respect to reimbursement, he has exhausted his remedy.. The rights of the parties are then measured by the judgment. A lien for taxes continues only so far as preserved by the judgment, and the tax-deed holder may not, in order to better his situation, found a new cause of action on the judgment after the statute of limitations applicable to actions on judgments has run.

Bryant's difficulty is twofold. In the first place, he took a personal judgment against Lockwood to which he was not entitled, and permitted the judgment to become dormant.

The statute provides in effect that when a tax-deed holder is defeated in an action by or against him for possession, the successful claimant shall be adjudged to pay to the defeated claimant all taxes, interest and costs before the successful claimant shall be let into possession. (R. S. 79-2506.) That provision can apply only when the successful claimant is out of possession, and does not authorize a personal judgment against a successful claimant who is in possession, such as Lockwood, in the present instance. In such a case the tax-deed holder's remedy is by judgment of court, declaring a lien and ordering a sale unless the successful claimant satisfies the lien before sale.

In the second place, when he had an opportunity to do so, Bryant did not take a judgment for lien and sale, to which he was entitled. Both parties were satisfied and the judgment became final. The petition in the present case pleaded the judgment. Neither party has ever complained to the district court that the judgment, as shown by the copy of the journal entry attached to the petition, was not correctly recorded, and so far as this court is concerned the copy imports verity. After expiration of the term at which the judgment was rendered the district court had no power to change it,

and this court has no power to change it or to regard it as different from what the record shows. This action is one for relief beyond that awarded by the judgment, and if the action was ever maintainable it should have been commenced within five years from date of rendition of the judgment.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.