## FERGUSON v. GARRETT et ux.

No. 7257.   Decided August 9, 1949.   (208 P. 2d 1116.)

See 21 C. J. S., Covenants, sec. 116.  Covenants enforced, see note, 172 A. L. R. 18.  See, also, 14 Am. Jur. 511.

*J. Rulon Morgan,* Provo, *Elias Hansen,* Salt Lake City, for appellant.

*George S. Ballif,* District Attorney, Provo, for respondents.

WADE, Justice.

R. Byron Ferguson, plaintiff and appellant herein, brought an action against J. Oscar Garrett and Stella P. Garrett, his wife, respondents herein. Plaintiff alleged that defendants had sold and conveyed certain real property consisting of a seven room home, a three unit apartment building, and a store, possession of which according to the written agreement dated July 29, 1946, was to be given to him within 90 days from said date, except for one apartment unit which was to be occupied by defendants rent free for two years. He also alleged that prior to entering into the written agreement to buy the property involved herein there were negotiations for such sale during which he informed the defendants that he was in the coal trucking business and operated a farm but that he had injured his back in an accident and was anxious to get into another kind of business; that he wanted the grocery store so that he could enter into that business and also the meat business in connection therewith, because he owned some cattle which he intended to butcher and sell over the counter. He also informed them that he would have to sell his home, farm and trucks to pay for their property; that at the time of these negotiations the store building was occupied by a tenant but defendants informed him that said tenant was in possession on a month to month basis; that he, in reliance upon such representation, after the written agreement was executed wherein possession was to be given in 90 days, sold his home, farm and trucks in order to make the necessary payments to defendants. He thereupon moved into the home on their property and also moved equipment for the grocery store there, but, although he was given possession of the home and apartment building, he was not given possession

of the store within the time provided for in the agreement. For breach of this part of the agreement plaintiff asked for damages sustained by reason of not being able to dispose of his cattle as contemplated, for the costs of moving equipment and the damages caused to the equipment for failure to obtain a suitable place to put it in and for loss of profits he would have obtained had possession of the store been given when agreed. He also pleaded that the reasonable rental value of the store was $150.00 per month. The tenant in possession was paying $50.00 a month.

Defendants admitted selling the property but denied that possession was not given as provided for in the agreement or that plaintiff was told by them that the tenant of the store was only in possession on a month to month basis, but had advised him that said tenant was occupying the premises under a lease, and plaintiff agreed to accept possession of the store subject to the lease, and to assume the obligation of getting the tenants out of the store, and stated that while he was doing this he had other things to do such as operating his coal trucking business, his farm or his real estate and insurance business.

Trial of this case was had before the court sitting without a jury and at its conclusion the court found the facts to be in favor of defendants and gave judgment accordingly.

Plaintiff testified that he had approached defendants to sell him the property because he had been in an accident in which he had hurt his back so that he felt he wanted to do lighter work than the coal trucking which he had been doing and that he thought running a grocery store and butcher shop in connection therewith would be easier work and would provide a means of disposing profitably of some cattle he had on hand at the time. He also testified that he advised defendants of these reasons for wanting the property and that he would have to sell his home, farm and trucks in order to pay for their property, if they would sell. Plaintiff testified to these preliminary negotiations, he says, in order

to make out a case for special damages incurred when defendants failed to deliver possession of the store within the time provided for in the agreement. The establishment of these facts was an essential element of plaintiff's case.

Defendants testified that plaintiff had approached them 'to sell their property to him and when he had been advised that the tenant in the store claimed to be in possession under his lease, although defendants thought that he might be holding only on a month-to-month basis because there had been no written renewal of the lease, plaintiff had responded by saying that he would get them out in 30 days, and that any way it didn't matter because he could continue in his trucking, real estate or insurance business. They further testified that it was only after the written agreements had been entered into and the deed executed that plaintiff said he had changed his mind and insisted that defendants evict the tenant, but the tenant's lease still had about two years to run and they could not comply with his demand. Evidence was also introduced that after the written contracts were executed defendants served written notice on the tenant that he was to pay the rent to plaintiff after November 1st and that such rent was tendered thereafter to plaintiff but that he refused to accept it.

Plaintiff objected to the introduction of the above evidence by the defendants of negotiations and conversations had prior to, at the time of and after the execution of the written instruments on the ground that they tended to vary the terms of such instruments. In making this contention plaintiff overlooks the fact that the only purpose of defendants' evidence, to which he objects, was to refute plaintiff's version of these transactions as to special damages and not to vary the terms of the written instruments. While some of the testimony we have related above may have a tendency to vary the terms of the written instruments as to when possession was to be given plaintiff, all of such testimony has a tendency to refute plaintiff's claims of special inducements and was admissible for

that purpose. Even though such testimony would have been inadmissible for the purpose of varying the terms of the written instruments, it was admissible on the question of special inducements. In order for plaintiff to recover these special damages he must establish these special inducements. Our first problem is whether defendants may introduce in evidence their version of the prior negotiations out of which plaintiff claims the special inducements arose.

Plaintiff brought this action for special damages relating to the inducement for him to purchase the property, namely, his desire to obtain the actual physical possession of the store building by a certain date so that he might earn a living therein in the grocery and butcher business ■ and use it as a conduit for disposing of a herd of cattle he owned at the time. He claims that defendants were advised of these reasons and had assured him that they were able to give him possession of the building, by that time. These special inducements were denied by the defendants. On the trial plaintiff introduced evidence tending to establish his version of these preliminary negotiations. He produced proof for the purpose of establishing special damages. The defendants refuted this evidence by introducing proof that the version of plaintiff was incorrect and that no such special inducements were made to induce him to enter into the contract. Certainly defendants were entitled to disprove plaintiff's claims in this respect by showing what they claimed were the facts in connection with these special inducements. See *Richeson* v. *Wood,* 158 Va. 269, 163 S. E. 339, 82 A. L. R. 1189 and note. This issue of fact on the special inducements was the main issue in the case and the trial court after hearing the evidence decided the facts on that issue in favor of the defendants and against the plaintiff. There was ample evidence to sustain such findings, and the court did not err therein.

Did the court err on appellant's claim for general damages? Appellant had alleged and introduced evidence, which if believed, proved that the rental value of the store during

the period in controversy was $150.00 per month, whereas only $50.00 per month, which was the rental provided in the lease, was tendered him. The court made no finding as to this claim for general damages. The court found, instead, that prior to entering into the written agreement to sell the property involved herein, respondents advised appellant that the store was subject to a contract with the tenant in possession and if appellant wished to purchase the property he would have to take it subject to this contract, and that appellant induced respondents to make the sale to him by representing that he would assume the obligation of obtaining possession from the tenant or else take the store subject to such tenant's rights. In *Van Cott* v. *Jacklin,* 63 Utah 412, 226 P. 460, 461, this court made it clear that a warranty deed may not be contradicted or varied by parol evidence. We there said on page 416 of the Utah Reports as to covenants of warranty and for quiet enjoyment in warranty deeds:

"The foregoing covenants are inserted in deeds of conveyance for the protection of the purchaser as against any defect of title and he has a right to rely on the deed as written as against outward appearances or *even as against verbal statements to the contrary.*" (Emphasis ours.)

Respondents gave appellant a warranty deed to all the property involved in this case. It would have been a simple matter to have inserted in the deed that the grantee's right of possession to the store was subject to the tenant's lease. The court, therefore, erred when it failed to make any finding as to the general damages claimed by appellant which was a material issue in this case.

In view of what we have said herein, this case is reversed and remanded with instructions to grant a new trial on the question of general damages and to proceed in accordance with the opinion expressed herein.

Each party to bear his own costs.

WOLFE, LATIMER, and McDONOUGH, JJ., concur.

PRATT, C. J., concurs in the result.