Henry H. FORRER and Clora J. Forrer, Roger L. Roberson and Ethel LaVernia Roberson, Plaintiffs and Appellants,

v.

Robert SATHER and Bonnie Lee Sather, Defendants and Respondents.

No. 15844.

Supreme Court of Utah.

May 14, 1979.

---

George E. Mangan, Roosevelt, for plaintiffs and appellants.

Cullen Y. Christensen, Provo, for defendants and respondents.

MAUGHAN, Justice:

The sole issue on appeal is the measure of damages, in an action for breach of the covenant against encumbrances, as contained in a statutory warranty deed.[1] Under the specific facts of this case, the encumbrance, a mortgage, exceeded by a considerable sum, the purchase price plaintiffs, the grantees, paid defendants, the grantors.

■■■ The trial court ruled the damages recoverable by plaintiffs were limited by the amount which was fairly and necessarily paid to extinguish the encumbrance, not to exceed, however, the amount of the purchase money paid by plaintiffs to defendants, plus the attorney's fees reasonably incurred in contesting the encumbrance,[2] together with interest at the legal rate from the date of eviction, and costs of court. The trial court denied plaintiffs' attorney's fees incident to this action for breach of the covenant against encumbrances.

The judgment of the trial court is affirmed. No costs awarded.

In 1956, Ezilda Van Hendricks borrowed certain funds from the trust accounts of her children. They were then minors and duly enrolled Ute Indians. The Bureau of Indian Affairs, B.I.A., managed these accounts. To secure the funds, it had Van Hendricks execute a mortgage to the subject property to the children as mortgagees. The B.I.A. recorded the mortgage in Uintah County. In 1966, Van Hendricks conveyed title to defendants Sathers by warranty deed.

In 1967, Sathers sold the property to Forrers for $5,500, and conveyed title by warranty deed. In 1973, Forrers contracted to sell the property to Robersons for $15,500. As part of the sales agreement, Forrers agreed to furnish Robersons with evidence of a clear and marketable title. It was at this time the Forrers discovered the existence of the mortgage.

The children of Van Hendricks refused to release the mortgage. The Forrers filed an action to quiet title and to extinguish the mortgage on the ground it was barred by the statute of limitations. The mortgagees counterclaimed with a foreclosure action. The trial court, in that action, found the mortgage was valid and was not barred by the statute of limitations and granted a decree of foreclosure. The decision of the trial court was sustained by this court.[3]

Thereafter, the property was sold at sheriff's sale to the mortgagees. During the redemption period, the Robersons, the contract vendees of Forrers, borrowed money and paid off the mortgage, together with interests and costs. Demand was made on Sathers to pay the encumbrance in accordance with the covenant of the warranty deed. Upon refusal, plaintiffs filed this action seeking recovery of the full costs of satisfying the mortgage, together with attorney's fees incurred by plaintiffs in both actions.

On appeal, plaintiffs contend they are entitled to recover sufficient damages to extinguish the encumbrance. They cite and rely on the language in *Soderberg v. Holt*[4] and *Pacific Bond & Mortgage Co. v. Rohn*[5] to sustain their argument. In *Soderberg*, this court held a covenant against encumbrances was, in effect, a covenant to indem-

---

1. § 57–1–12, U.C.A., 1953: "Such deed when executed as required by law shall have the effect . . . with covenants from the grantor[s] . . . that the premises are free from all encumbrances; . . . ."

2. *Forrer v. Reed*, Utah, 560 P.2d 1113 (1977).

3. See note 2, supra.

4. 86 Utah 485, 46 P.2d 428 (1935).

5. 101 Utah 335, 121 P.2d 635 (1942).

nify where the encumbrance was a charge or lien against the land which could be extinguished by payment. Thus the statute of limitations was held to begin to run only when the grantee was damnified.[6] In *Pacific Bond & Mortgage*, this court reiterated that except for nominal damages for a technical breach of warranty, the grantee of land or his successor cannot recover on a covenant against encumbrances until he has been damnified by the breach thereof—either by suffering a loss as to the property or by discharging the encumbrance.[7] From these cases, Plaintiffs urge they are entitled to be indemnified for the total costs they incurred in discharging the encumbrance.

Neither of the afore-cited cases dealt with the specific issue of the measure of damages. These cases involved a determination as to the application of the statute of limitations in an action for breach of a covenant against encumbrances. In *George A. Lowe Company v. Simmons Warehouse Company*,[8] this court ruled:

> As a general rule, in an action for breach of the covenant against incumbrances, where the plaintiff purchased or extinguished the outstanding incumbrance, he is entitled to recover with interest the reasonable price which he fairly and necessarily paid for it, *provided it does not exceed the amount paid by him to the covenantor* of the value of the estate. [Citations] We think he is not entitled also to attorney's fee in the action against the covenantor for breach of the covenant. [Emphasis supplied.]

The foregoing rule is still set forth by the authorities, e. g., in 7 Thompson on Real Property (1962) Replacement, § 3188, p. 330, it is stated:

The covenantee can at best recover only the amount he actually and reasonably paid for the outstanding title. If such title is a mortgage which he has bought for less than its face value, he can recover only the amount he paid for it. Moreover, the amount he can recover is limited to the value of the land, which, by the rule generally prevailing, is the value the parties put upon it at the time of conveyance, . . .[9]

In *East Canyon Land & Stock Co. v. Davis & Weber Counties Canal Co.*,[10] this court ruled the measure of damages for breach of the covenant of general warranty is the value of the land, as the same is expressed by the parties in fixing the purchase price for the same, with interest.

. . . It is not the value of the land at the time of eviction, either actual or constructive, but the value as the same is reflected in the purchase price at the time of the purchase. . . .

This court has further approved as an additional element of damages for breach of the covenants of warranty and quiet enjoyment, the recovery of a reasonable sum as attorney fees that plaintiff has paid or has become legally obligated to pay, together with the costs, in attempting the sustain the title to the premises conveyed.[11]

. . . where notice in some form has been given to the covenantor that the covenantee's title is being assailed or disputed and that an action is pending either for the purpose of obtaining possession or to defend the possession and title of the premises covered by the covenant, the covenantee may recover a reasonable sum as attorney fees provided he has paid the fees or has become and is legally obligated to pay the same. . . .[12]

---

6. At p. 498 of 86 Utah, p. 428 of 46 P.2d.

7. At p. 341 of 101 Utah, p. 635 of 121 P.2d.

8. 39 Utah 395, 399, 117 P. 874, 875 (1911).

9. Also see 61 A.L.R. 10, 67, Anno.: Measure of damages for breach of covenants of title in conveyances or mortgages of real property; 20 Am.Jur.2d § 139, p. 698.

10. 65 Utah 560, 569–571, 238 P. 280, 283 (1925).

11. *Van Cott v. Jacklin*, 63 Utah 412, 226 P. 460 (1924).

12. Id., 63 Utah at 420, 226 P. at 463.

Plaintiffs finally contend they are entitled to an award of attorney's fees in prosecuting this action. This court has consistently adhered to the general rule that attorney's fees are not recoverable as damages if there be no statutory or contractual authority for such fees.[13] Furthermore, this court specifically ruled in the *Lowe Company* case [14] that a covenantee is not entitled to attorney's fees in an action against the covenantor for breach of the covenant. Thus the action of the trial court is affirmed.

CROCKETT, C. J., and WILKINS and HALL, JJ., concur.

STEWART, J., concurs in result.

13. *DeBry and Hilton Travel Services, Inc. v. Capitol International Airways, Inc.*, Utah, 583 P.2d 1181, 1185 (1978).

14. Note 8, supra.